## 10092

### BUSH v. ALDRICH.

#### (96 S. E. 922.)

1. SPECIFIC PERFORMANCE — CONTRACTS TO CONVEY LAND — NONRESIDENT DEFENDANTS—JURISDICTION.—In view of Const., art. V, sec. 15, and Code Civ. Proc. 1912, section 342, as to jurisdiction and powers of Court of Common Pleas, and section 345, providing that sales upon Court order shall pass the rights of the parties, that Court has power to compel specific performance of a contract of a nonresident to convey lands within the State and within the jurisdiction of the Court.

2. SPECIFIC PERFORMANCE—CONTRACTS TO CONVEY LAND — NONRESIDENT DEFENDANTS—JURISDICTION.—Under Code Civ. Proc. 1912, sec. 185, as amended by Act February 26, 1914 (28 St. at Large, p. 534), as to service by publication, when a nonresident defendant claims an interest in real property, the Court of Common Pleas has jurisdiction to compel specific performance of a contract of the nonresident to convey lands within the State and within the jurisdiction of the Court.

3. PROCESS — NONRESIDENTS — FILING—SUFFFICIENCY.—Where order for publication of notice on a nonresident recited the filing of the affidavit and complaint, the fact that the date of filing was not indorsed on the affidavit and complaint at the time is immaterial.

Before SEASE, J., Barnwell, at chambers, September 17, 1917. Affirmed.

Action by James Julian Bush against Robert M. Aldrich. From an order denying motion to vacate the service, defendant appeals.

*Messrs. R. A. Ellis* and *J. O. Patterson, Jr.,* for appellant, submit: *This is an action in personam:* 3d Cushing 578; 55 Kansas 830; 70 Pac. 891; 110 U. S. 151; 28 L. Ed. 101; 3d Sup. Ct. Rep. 585; 31 Fed. Rep. 252; 6 Cranch 159; 3 Law Ed. 185; 10 L. R. A. 500; 41 Fed. 283; 176 U. S. 399;

44 L., Ed. 520; 20 Sup. Ct. Rep. 410; 29 C. C. A. 295; 56
U. S. App. 510; 85 Fed. 492; 95 Fed. 331; 173 U. S. 567;
43 L. Ed. 812; 19 Sup. Ct. 506; 14 Allen 94; 156 Ind. 1; 58
N. E. 1057; 15 N. J. Eq. 81; 147 Mass. 536; 18 N. E. 429;
163 Mass. 503; 40 N. E. 855; 1 Elliott Gen. Pr., sec. 244;
Story Eq., sec. 744; 193 U. S. 79; 48 L. Ed. 623; 24 Sup.
Ct. Rep. 390 (N. Y. Eq.); 57 Atl. 554; 144 Mass. 40; 10
N. E. 705; 88 N. Y. 216; 204 Ill. 83; 68 N. E. 114; 16 Enc.
of Law, p. 129 (note); Hare & White's Leading Cases 767;
50 N. J. L. 636; 7 Am. St. Rep. 802; 89 Ky. 434; 7 L. R. A.
454; 12 S. W. 1037; 100 Mass. 267; Story, vol. I, Eq. Jur.
10th Ed., sec. 744. *Service by publication has no reference
to suits in personam:* 176 U. S. 398; 44 L. Ed. 520; 20 Sup.
Ct. Rep. 410; 69 S. C. 57; 73 Texas 651; 11 S. W. 869; 80
Tex. 600; 16 S. W. 328; 76 Tex. 686; 12 S. W. 698; 95
U. S. 714, 723; 24 L. Ed. 565, 569; 67 L. R. A. 940; 9
Minn. 287; 11 Minn. 126; 36 Minn. 190; 45 Minn. 277; 51
Minn. 181; 94 Ann. St. Rep. 724; 87 Minn 510.

*Mr. E. A. Brown,* for respondent, submits: *A suit for spe-
cific performance, by a vendee of land within the jurisdiction
against a vendor out of the jurisdiction is by the weight of
authority, sufficiently a proceeding in rem to validate a decree
founded on service of process by publication, and the pass-
ing of title by the decree or by an officer appointed by the
Court:* 36 Cyc., p. 772, citing authorities; Code of Civil Pro-
cedure, sec. 185; 9 U. S., p. 336; 110 U. S. 151; 134 U. S.
316; 77 N. Y. App. 467; 33 Mo. 370; 122 Iowa 388; Enc.
of Pleading and Practice, vol. XX, p. 398; 83 Fed. Rep. 281;
2 Washington 429; 9 Howard U. S. 336; 5 Wis. 260; 95
U. S. 714; U. S. Supreme Court decisions for May 1, 1917,
p. 343. *It is not necessary to secure and file order for pub-
lication of summons in order to secure jurisdiction over a
nonresident:* Code of Civil Procedure, section 185, as
amended in 1914, see Acts 1914, begining at p. 534.

September 23, 1918.

The opinion of the Court was delivered by MR. JUSTICE HYDRICK.

This is an action for specific performance of a contract to convey real estate situated within this State.    It was brought by the purchaser, who is a resident of the State, against the seller, who is a resident of the State of Georgia.    An order for publication of the summons was duly obtained, and the summons and complaint were thereafter personally served upon defendant at his residence in the State of Georgia. And a notice of *lis pendens* was filed and recorded, according to the provisions of section 182 of the Code of Civil Procedure.    Defendant moved to vacate the service on grounds hereinafter considered.    From the order refusing his motion this appeal was taken.

The first ground of the motion was that as it appears from the allegations of the complaint that the action is one for specific performance of contract, and that defendant is not a resident of this State, and as it appears that defendant has not been personally served with process within this State, the Court has no jurisdiction of his person, and, therefore, cannot proceed to judgment, because no other than a personal judgment in such an action can be rendered.

It may be conceded that, originally, specific performance was an action *in parsonam,* as, indeed, all proceedings in equity were.    One of the maxims of equity is, *æquitas agit in personam.*    Suits to foreclose mortgages, to partition lands, to quiet titles, and to remove clouds on titles, were all, originally, suits *in personam.*    But in the course of time— whether the change was brought about by the gradual extension of their jurisdiction by the Courts themselves or is the result of statutes it is unnecessary now to inquire—such actions have almost universally come to be regarded as having a twofold aspect; that is, as being partly *in personam* and partly *in rem.*

Suits for partition, at least in this State, have now come to be regarded as really more *in rem* than *in personam*. It is the constant practice for the Court, by its judgment in partition, to vest the legal title in the several parties to whom portions of land have been allotted, and otherwise adjust the equities of the parties with respect to the land without an actual sale or conveyance; as, for example, where one of the cotenants has made improvements on a part of the land, that part may be set off to him in the partition, and the legal title thereto be vested and confirmed in him by the judgment of the Court, without resort to the ancient and cumbersome method of requiring a conveyance by the other cotenants.

And at a very early period in the history of this State it was held that the Court of equity had jurisdiction in an action precisely like this for specific performance, and that it would enforce its judgment by putting the plaintiff in possession if the defendant should prove to be contumacious. *Telfair v. Telfair,* 2 DeSaus. 271. See, also, *Bowder v. Schatzell,* Bailey Eq. 360, 366, 23 Am. Dec. 170, where the Court said:

"But our Courts do not always act *in personam.* It seems that they may act directly on the property, without the intervention of other parties; *and the title may be changed by the mere act of the Court, without any act of the party.*" (Italics added.)

See, also, *Hurt v. Hurt,* 6 Rich. Eq. 114. A large percentage of the titles to real estate in this State rests upon such decrees and judgments, and to hold now that they were ineffectual to transfer the legal title would be productive of great mischief and much litigation.

The Constitution and statutes of this State have vested in the Court of Common Pleas all the jurisdiction that was exercised by the Courts of common law and equity prior to the adoption of the reformed procedure, and that Court has jurisdiction "in all civil cases" (Const., art. V, sec. 15), with power to render judgment,

which is defined by the statute to be "the final determination of the rights of the parties in the action" (Code of Civil Procedure, secs. 304, 335), and power to enforce such judgment by execution against persons and property (Code Civ. Proc., sec. 342, *et seq.,* 303). We do not doubt, therefore, the power of the Court to act directly upon property within its jurisdiction, and by its judgment to divest one party of the legal title and vest it in another, if that be necessary or proper to a final determination of the ultimate rights of the parties.

The statutes provide that sales and conveyances made under the judgments and orders of the Court shall be effectual to pass the rights and interests of the parties. Code of Civil Proc., sec. 345. In *Dinkins v. Simons,* 97 S. C. 269, 81 S. E. 638, it was held that the judgment in an action for specific performance might be for the sale of the land; and in 97 S. C., at page 269, 81 S. E. 638, the Court quoted with approval the following from 20 Enc. Pl. & Pr., at pages 479 and 480:

"Where equity has once acquired jurisdiction, by reason of the claim for specific performance, it may retain jurisdiction and proceed to a complete adjudication, even to the extent of establishing legal rights. Thus, in addition to decreeing specific performance, the Court may give judgment for possession. Where specific performance of an agreement is impracticable, the plaintiff may have approximate relief, in some other form, which will secure to him the substantial advantages of his contract. The Court is bound to see that it does that complete justice at which it aims and which is the ground of its jurisdiction."

But, aside from this power of the Court to render such a judgment, when the property is within the territorial jurisdiction of the Court, and the parties in interest are before it, upon due and legal service of process, we think there can be no doubt that where the defendant is a nonresident and cannot be personally served with

process, the power to render such a judgment has been conferred by section 185 of the Code of Civil Procedure. The relevant provisions of that section, as amended by the act of 1914 (28 Stat. 534), read:

"Where the person on whom the service of the summons is to be made cannot, after due diligence, be found within the State, and that fact appears by affidavit to the satisfaction of the Court, or a Judge thereof, the clerk of the Court of Common Pleas, master, or the probate Judge of the county where the trial is to be had, and it in like manner appears that a cause of action exists against the defendant in respect to whom the service is to be made, or that he is a proper party to an action relating to real property in this State, such Court, Judge, clerk, master, or Judge of probate may grant an order that the service be made by the publication of the summons in either of the following cases: 1. * * * 3. Where he is not a resident of this State, but has property therein, and the Court has jurisdiction of the subject of the action. 4. Where the subject of the action is real or personal property in this State, and the defendant has or claims a lien or interest, actual or contingent, therein, or the relief demanded consists wholly or partly in excluding the defendant from any interest or lien therein."

It will be noted that the statute is general in its terms. It does not mention any particular action or actions by name, but merely describes several classes of actions which may be brought under it. But that is no objection to the statute, for, clearly, if the legislature has power to enact such a statute at all, it may do so in general as well as in specific terms, and if the action comes within any one or more of the classes described it may be maintained, just as if it had been named.

Therefore, in passing, we may say that the cases relied upon by appellant which hold that, where a statute specifies certain actions or certain kinds of actions that may be commenced and prosecuted on constructive service of process,

others, not included, cannot be so brought, are not in point, because the actions so excluded did not come within the purview of the statutes as construed. This action comes within the class described in each subdivision of the section above quoted. The facts fulfill the requirements of subdivision 3 because defendant is not a resident of the State, but has property therein, and the Court has jurisdiction of the subject of the action. , , ,

In this connection we hold that "the subject of the action," as those words are here used in the statute, is not, as contended by appellant, the specific performance of the contract. That is only one of the objects of the action—one of the things sought to be attained by the judgment; but the subject of the action is the property involved in the litigation. *Barrett v. Watts,* 13 S. C. 441; Pom. Rem., sec. 475. The statute itself makes that plain in subdivision 4, where it speaks of the subject of the action as real property within the State.

It is equally clear that the facts satisfy the requirements of subdivision 4. The subject of the action is real property within this State, and defendant has an interest in it, and the relief demanded consists, wholly or partly, in excluding him from any interest therein.

Therefore, we must conclude that, if the Court shall find and adjudge that the plaintiff is entitled to specific performance of the contract, it has the power to frame its judgment so as to vest the legal title of the land in plaintiff, and divest defendant of it without any conveyance from him or act on his part. 20 Enc. Pl. & Pr. 478. And so, if defendant decline to submit himself to the jurisdiction of the Court, justice may be done, at least in part, without rendering any personal judgment against him, which, of course, cannot be done without personal service upon him within the State or his appearance.

While section 185, *supra,* does not, in express terms, confer the power to render such a judgment, it does so by neces-

32—110.

sary implication, because its sole purpose was to subject the property to the jurisdiction and control of the Court. To hold otherwise would be to deny to the statute any force and effect, and to convict the legislature of having done a futile thing; for to what purpose would a nonresident be made a party defendant by publication, if the Court has not the power by its judgment to divest him of his right, title or interest in and to property involved in the action and vest it in another? The rendition of such a judgment must have been contemplated by the lawmakers, because no personal judgment can be rendered in such a case.

In *Emanuel v. Ferris,* 63 S. C. 104, 120, 41 S. E. 20, 25, this Court said:

"So, too, in regard to property, real and personal, situate within the territorial limits of the State, even when such property is owned by persons, natural or artificial, residing beyond the limits of our State, the judgment of our Courts can afford full relief, so far as the said property, real and personal, situated within the State borders, is concerned. Beyond this judgments of our State Courts cannot go."

In *Pennoyer v. Neff,* 95 U. S. 714, 722, 24 L. Ed. 565, the Supreme Court of the United States recognized and affirmed the power of the several States over persons and property within their territorial limits, saying:

"Every State possesses exclusive jurisdiction and sovereignty over persons and property within its territory. As a consequence, every State has the power to determine for itself the civil status and capacities of its inhabitants; to prescribe the subjects upon which they may contract, the forms and solemnities with which their contracts shall be executed, the rights and obligations arising from them, and the mode in which their validity shall be determined and their obligations enforced; and also to regulate the manner and conditions upon which property situated within such territory, both personal and real, may be acquired, enjoyed and transferred.

At page 727 of 95 U. S., page 565 of 24 L. Ed., the Court said, with respect to substituted service by publication:

"Such service may also be sufficient in cases where the object of the action is to reach and dispose of property in the State, or of some interest therein, *by enforcing a contract* (italics added), or lien respecting the same, or to partition it among different owners, or, when the public is a party, to condemn and appropriate it for a public purpose. In other words, such service may answer in all actions which are substantially proceedings *in rem."*

At page 734 of 95 U. S., page 565 of 24 L. Ed., the Court defined what is meant by a proceeding substantially *in rem:*

"It is true that, in a strict sense, a proceeding *in rem* is one taken directly against property, and has for its object the disposition of the property, without reference to the title of individual claimants; but, in a larger and more general sense, the terms are applied to actions between parties, where the direct object is to reach and dispose of property owned by them or of some interest therein. Such are cases commenced by attachment against the property of debtors, or instituted to partition real estate, foreclose a mortgage, or enforce a lien. So far as they affect property in the State, they are substantially proceedings *in rem* in the broader sense which we have mentioned."

In *Boswell's Lessee v. Otis,* 9 How. 336, 348, 13 L. Ed. 164, the Court held that an action upon substituted service for specific performance of a contract was, with respect to the property involved in the action and situate within the territorial jurisdiction of the Court, substantially a proceeding *in rem,* saying:

"Jurisdiction is acquired in one of two modes: First, as against the person of the defendant, by the service of process; or, secondly, by a procedure against the property of the defendant within the jurisdiction of the Court. In the latter case the defendant is not personally bound by the judgment beyond the property in question. And it is immaterial

whether the proceeding against the property be by an attachment or bill in chancery. It must be, substantially, a proceeding *in rem.* A bill for the specific execution of a contract to convey real estate is not strictly a proceeding *in rem,* in ordinary cases; but where such a procedure is authorized by statute, on publication, without personal service of process, it is substantially of that character."

In 36 Cyc. 772, the author says:

"A suit for specific performance by a vendee of land within the jurisdiction against a vender out of jurisdiction is, by the weight of authority, sufficiently a proceeding *in rem* to validate a decree founded on service of process by publication, and the passing of title by the decree or by an officer appointed by the Court."

Note that in *Boswell v. Otis* it is said that it is immaterial whether the proceeding against the property be by an attachment or bill in chancery. By attachment the property is actually seized and held to satisfy any judgment that may be recovered. But where specific property is the subject of the action, it may as effectively be brought under the control of the Court by being described in a bill in chancery. In the case at bar the property was described in the complaint, and that was sufficient to bring it under the control of the Court. Property is brought under the control of the Court in the same way in actions for partition, foreclosure, to remove cloud on title, and others. But, in addition to that, in this case notice of *lis pendens* was filed and recorded.

The application of the principles decided in *Boswell v. Otis* will be found in numerous cases cited in 4 Rose's Notes, Revised Edition, at pages 208-214, under the title of that case. See, particularly, *Hollander v. Central Metal etc. Co.,* 109 Md. 131, 71 Atl. 442, 23 L. R. A. (N. S.) 1135, and note; *Hawkins v. Doe,* 60 Or. 437, 119 Pac. 754, Ann. Cas. 1914a, 765, and note; *Phillips v. Tompson,* 73 Wash. 78, 131 Pac. 461, Ann. Cas. 1914d; *Single v. Scott Paper Mfg. Co.* (C. C.), 55 Fed. 553.

It would be useless to multiply citations or to attempt to differentiate the cases. The Supreme Court of the United States, whose decisions are controlling, have settled the principles upon which we hold that the Court has jurisdiction in this case to render judgment determining the right, title, and interest of the parties in and to the property described in the complaint. These decisions affirm the power of the State to provide for the adjudication of the titles to real estate within its limits as against nonresidents who are brought into Court only by publication, and we have already pointed out how the State has exercised that power. *Arndt v. Griggs,* 134 U. S. 316[ 10 Sup. Ct. 557, 33 L. Ed. 918; *Roller v. Holly,* 176 U. S. 398[ 20 Sup. Ct. 410, 44 L. Ed. 520; *Overby v. Gordon,* 177 U. S. 214[ 20 Sup. Ct. 603, 44 L. Ed. 741.

The second ground upon which the motion to set aside the service was made relates to an alleged irregularity in the proceedings, to wit, the failure to file the affidavit and complaint before obtaining the order for publication. This ground seems to have been abandoned, as it was not argued; but, at any rate, it is not sustained by the record. The order for publication recites the filing of the affidavit and complaint. The fact that the date of filing was not indorsed on them at that time is of no consequence.

Order affirmed.

MR. CHIEF JUSTICE GARY and MR. JUSTICE FRASER concur.

MR. JUSTICE WATTS, *dissenting.* This is an appeal from an order of his Honor, Judge Sease, refusing to set aside and vacate an attempted service upon the defendant of the summons and complaint herein on the ground that the Courts of this State cannot acquire jurisdiction of a nonresident in a personal action *in personam* without attachment of his or her property within the State. The action is for specific

performance of a contract for the sale of land located in Barnwell county, S. C. The contract was entered into between the parties in the town of Barnwell. The defendant is a resident of the State of Georgia. The defendant was served personally in Savannah, Ga., with a copy of the summons and complaint. No effort was made to attach the defendant's property.

There can be no question that this is an action *in personam*, and that service of the summons by publication will not confer jurisdiction over a nonresident in personal actions, including personal actions to compel nonresidents to convey real estate within the State. Such a proceeding would not be due process of law. This is conclusively settled by the case of *Henry D. McDonald v. F. A. Mabee* (decided by Supreme Court of U. S. on March 6, 1917), 243 U. S. 90, 37 Sup. Ct. 343, 61 L. Ed. 608, L. R. A. 1917f, 458, wherein Justice Holmes, who delivered the opinion of the Court, says:

"This is a suit upon a promissory note. The only defense now material is that the plaintiff had recovered a judgment upon the same note in a previous suit in Texas, which purported to bind the defendant personally as well as to foreclose a lien by which the note was secured. When the former suit was begun the defendant, Mabee, was domiciled in Texas, but had left the State with intent to establish a home elsewhere, his family, however, still residing there. He subsequently returned to Texas for a short time, and later established his domicile in Missouri. The only service upon him was by publication in a newspaper once a week for four successive weeks after his final departure from the State, and he did not appear in the suit. The Supreme Court of the State held that this satisfied the Texas statutes, and that the judgment was a good personal judgment, overruling the plaintiff's contention that to give it that effect was to deny the constitutional right to due process of law. 107 Tex. 139, 175 S. W. 676. The foundation of jurisdiction

is physical power, although in civilized times it is not neces-
sary. to maintain that power throughout proceedings prop-
erly begun, and although submission to the jurisdiction by
appearance may take the place of service upon the person.
*Michigan Trust Co. v. Ferry,* 228 U. S. 346, 353, 57 L. Ed.
867, 874, 33 Sup. Ct. Rep. 550; *Pennsylvania F. Ins. Co. v.
Gold Issue Min. & Mill. Co.,* decided today (243 U. S. 93
(344), 61 L. Ed. 610, 37 Sup. St. Rep. 344). No doubt there
may be some extension of the means of acquiring jurisdiction
beyond service or appearance, but the foundation should be
borne in mind. Subject to its conception of sovereignty,
even the common law required a judgment not to be contrary
to natural justice. *Douglas v. Forrest,* 4 Bing. 686, 700,
701, 130 Eng. Reprint 933, 1 Moore & P. 663, 6 L. J. C. P.
157, 29 Revised Rep. 695; *Becquet v. MacCarthy,* 2 Barn.
& Ad. 951, 959, 109 Eng. Reprint 1396; *Maubourquet v.
Wyse,* Ir. Rep. 1 C. L. 471, 481. And in States bound
together by a Constitution, and subject to the 14th Amend-
ment, great caution should be used not to let fiction deny the
fair play that can be secured only by a pretty close adhesion
to fact. *Baker v. Baker, E. & Co.,* January 8, 1917 (242
U. S. 394, 61 L. Ed. 386, 37 Sup. Ct. Rep. 152).

"There is no dispute that service by publication does not
warrant a personal judgment against a nonresident. *Pen-
noyer v. Neff,* 95 U. S. 714, 24 L. Ed. 565; *Riverside & D.
River Cotton Mills v. Menefee,* 237 U. S. 189, 59 L. Ed.
910, 35 Sup. Ct. Rep. 579. Some language of *Pennoyer v.
Neff* would justify the extension of the same principle to
absent parties, but we shall go no further than the precise
facts of this case require. When the former suit was begun,
Mabee, although technically domiciled in Texas, had left
the State, intending to establish his home elsewhere. Per-
haps, in view of his technical position and the actual pres-
ence of his family in the State, a summons left at his last
and usual. place of abode would have been enough. But it
appears to us that an advertisement in a local newspaper is

not sufficient notice to bind a person who has left a State intending not to return. To dispense with personal service, the substitute that is most likely to reach the defendant is the least that ought to be required if substantial justice is to be done. We repeat, also, that the ground for giving subsequent effect to a judgment is that the Court rendering it had acquired power to carry it out; and that it is going to the extreme to hold such power gained even by service at the last and usual place of abode. Whatever may be the rule with regard to decrees concerning status or its incidents (*Haddock v. Haddock,* 201 U. S. 562, 569, 632, 50 L. Ed. 867, 869, 895, 26 Sup. Ct. Rep. 525, 5 Ann. Cas. 1), an ordinary personal judgment for money, invalid for want of service amounting to due process of law, is as ineffective in the State as it is outside of it (201 U. S. 567, 568 [26 Sup. Ct. 525, 50 L. Ed. 867, 5 Ann. Cas. 1]). If the former judgment had been sued upon in another State by the plaintiff, we think that the better opinion would justify a denial of its effect. If so, it was no more effective in Texas. *De la Montanya v. De la Montanya,* 112 Cal. 101, 32 L. R. A. 82, 53 Am. St. Rep. 165, 44 Pac. 345; *Boring v. Penniman,* 134 Cal. 514, 66 Pac. 739.

"The usual occasion for testing the principle to be applied would be such as we have supposed, where the defendant was denying the validity of the judgment against him. · But the obligations of the judgment are reciprocal, and the fact that here the defendant is asserting and the plaintiff denying its personal effect does not alter the case. *Whittier v. Wendell,* 7 N. H. 257; *Rangely v. Webster,* 11 N. H. 299; *Middlesex Bank v. Butman,* 29 Me. 19. The personal judgment was not merely voidable, as was assumed in the slightly different case of *Henderson v. Staniford,* 105 Mass. 504, 7 Am. Rep. 551, but was void. See *Needham v. Thayer,* 147 Mass.

536, 18 N. E. 429.   In *Henderson v. Staniford* the absent defendant intended to return to his State."

MR. JUSTICE GAGE concurs in the dissenting opinion of MR. JUSTICE WATTS.