THEODORE I. GARFEIN, Respondent, *v.* MICHAEL A. McINNIS, Appellant, Impleaded with Another.

Process — service — specific performance — summons in action for specific performance may be served out of the State — court may grant judgment in such an action which will result in transfer to plaintiff though defendant fail to obey — motion to set aside service of summons and complaint on non-resident without State, in action for specific performance of contract to convey real estate, properly denied.

1. The language of the statute (Civ. Pr. Act, §§ 232, 235) providing that in an action " where the complaint demands judgment that the defendant be excluded from a vested or contingent interest in or lien upon specific real or personal property within the State or that such an interest or lien in favor of either party be enforced, regulated, defined or limited, or otherwise affecting the title to such property," the summons may be served out of the State, is sufficiently broad to cover an action for specific performance of a contract to convey real property within this State.

2. In such an action the court may grant a judgment which will operate upon the property itself and result in a transfer of the title to a successful party though the defendant fail or refuse to obey a com-

mand of the judgment directed to him. (Civ. Pr. Act, § 979.) The court, therefore, in such an action obtained jurisdiction over a non-resident by personal service upon him in a foreign State of the summons and complaint and a motion to set aside such service was properly denied.

*Garfein* v. *McInnis*, 223 App. Div. 28, affirmed.

(Argued April 30, 1928; decided May 29, 1928.)

APPEAL, by permission, from an order of the Appellate Division of the Supreme Court in the second judicial department, entered February 15, 1928, which affirmed an order of Special Term denying a motion by defendant-appellant for an order setting aside the service on him of the summons and complaint.

The following questions were certified:

" 1. Has any jurisdiction been obtained by the Supreme Court of New York State in an action brought by the vendee in the Supreme Court, Westchester county, for the specific performance of a contract to convey real property situated in said county of Westchester, where the vendor is a resident of Connecticut, and has not been personally served within the State of New York, nor appeared in the action, but was personally served with a summons and verified complaint in the State of Connecticut?

" 2. Under the circumstances as set forth in the above question, if the court decrees specific performance for the vendee, can the court direct the sheriff to convey the property, under section 979 of the Civil Practice Act? "

*Thomas F. Hennessy* for appellant. An action for the specific performance of a contract is an action in equity, and in the absence of a statute giving jurisdiction *in rem*, equity acts *in personam* merely. (*Hart* v. *Sansom*, 110 U. S. 151; *Snell* v. *Hill*, 263 Ill. 211; *Fowler* v. *Fowler*, 204 Ill. 82; *Spur* v. *Scoville*, 57 Mass. 578; *Felch* v. *Hooper*, 119 Mass. 52; *Merrill* v. *Beckwith*, 163 Mass. 503; *Silver Camp Mining Co.* v. *Dickert*, 31 Mont. 488; *Gardner* v.

*Ogden,* 22 N. Y. 327; *McLaughlin* v. *McLaughlin Real Estate Co.,* 162 App. Div. 644; *Patrick* v. *Jones,* N. Y. L. J. Feb. 9, 1927; *Smilowitz* v. *Watt,* N. Y. L. J. April 8, 1927.) There is no statute in New York allowing service by publication or personal service outside of the State, on a non-resident vendor or vendee in an action for the specific performance of a contract to convey real property. (*Patrick* v. *Jones,* N. Y. L. J. Feb. 9, 1927; *Smilowitz* v. *Watt,* N. Y. L. J. April 8, 1927; *Matter of City of New York* [*Edgewater Road*], 138 App. Div. 203; 199 N. Y. 560; *Bruce* v. *Tilson,* 25 N. Y. 194; *Merrill* v. *Beckwith,* 163 Mass. 503.) Even conceding that section 232, subdivision 6, includes specific performance actions, it is ineffective against non-residents, not within the jurisdiction of the court. (*Smilowitz* v. *Watt,* N. Y. L. J. April 8, 1927.)

*Aaron Simmons* for respondent. The service of the summons and complaint in the State of Connecticut was proper. (*Matter of City of New York,* 138 App. Div. 203; 199 N. Y. 560; *Hollander* v. *Central M. & S.,* 109 Md. 131; *Felch* v. *Hooper,* 119 Mass. 52.)

LEHMAN, J. In an action for the specific performance of an alleged contract to convey real estate in the State of New York, service of the summons and complaint has been made in the State of Connecticut, upon a resident of that State. The motion of the defendant to set aside such service has been denied.

In an action " where the complaint demands judgment that the defendant be excluded from a vested or contingent interest in or lien upon specific real or personal property within the State or that such an interest or lien in favor of either party be enforced, regulated, defined or limited, or otherwise affecting the title to such property," the summons may be served out of the State. (Sections 232 and 235, Civ. Prac. Act.) The language of the

statute is sufficiently broad to cover an action for specific performance. Service without the State is sufficient to give the court jurisdiction to grant a judgment *in rem* binding upon a non-resident defendant so served. It does not, however, bring the non-resident defendant's person within the jurisdiction of the court. A decree *in personam* " can be supported against a person who is not a citizen or resident of the State in which it is rendered only by actual service upon him within its jurisdiction. (*Hart* v. *Sansom*, 110 U. S. 151.) The question presented by this appeal is whether a judgment in an action for specific performance is only a decree *in personam* against the party who has agreed to convey property, or whether the court in such an action may grant a judgment which will operate upon the property itself and result in a transfer of the title to a successful party though the defendant fail or refuse to obey a command of the judgment directed to him.

That a court of chancery acts only upon the person is a recognized maxim of equity jurisprudence. (*Ewing* v. *Orr Ewing*, L. R. 9 App. Cas. 34. See Cook on Powers of Courts of Equity, 15 Columbia Law Review, 36.) " A decree of chancery spoke in terms of personal command to the defendant, but its directions could only be carried into effect by his personal act. * * * The decree never stood as a title in the place of an actual conveyance by the defendant; nor was it ever carried into effect by any officer acting in the defendant's name." (Pomeroy on Equity Jurisprudence, section 428.) In jurisdictions where the decrees of a court of equity still retain the traditional form and effect of a mere command, a court of equity cannot obtain jurisdiction over a non-resident by service without the State. (*Hart* v. *Sansom, supra; Spurr* v. *Scoville*, 3 Cush. [Mass.] 578.)

It has been doubted whether the jurisdiction of courts of equity was ever subject to any inherent limitation that its decrees must operate solely *in personam*, though

the early chancellors adopted the " method of acting, as they said, upon the conscience of defendants." In this country " the statutes of the several states have virtually abolished the ancient doctrine that the decrees in equity can only act upon the person of a party, and have generally provided that in all cases where the ends of justice require such an effect, and where it is possible, a decree shall either operate *ex proprio vigore* to create, transfer, or vest the intended right, title, estate, or interest, or else that the acts required to be done in order to accomplish the object of the decree shall be performed by an officer of the court acting for and in the name of the party against whom the adjudication is made." (Pomeroy's Equity Jurisprudence, sec. 135.) " A bill for the specific execution of a contract to convey real estate is not strictly a proceeding *in rem,* in ordinary cases; but where such a procedure is authorized by statute, on publication, without personal service of process, it is, substantially, of that character." (*Boswell's Lessee* v. *Otis,* 50 U. S. 336.)

It has been held that the power of a court of equity to pronounce a judgment *in rem* is not dependent upon statute and may be exercised against a non-resident whenever the Legislature has authorized constructive service. (*Tennant's Heirs* v. *Fretts,* 67 West Va. 569.) In *Silver Camp Mining Co.* v. *Dickert* (31 Mont. 488) the court reached opposite conclusion. We need not now decide between such conflicting decisions. A court of equity, undoubtedly, may by constructive service, in accordance with statute, acquire jurisdiction over a non-resident in an action for specific performance whenever it has power, whether granted by statute or inherent, to make a decree which will result directly, or through conveyance by an officer, in the transfer of title or interest in land. (*Hollander* v. *Central Metal & Supply Co.,* 109 Md. 131; *Felch* v. *Hooper,* 119 Mass. 52. See, also, 2 Story's Equity Jurisprudence [14th edition], 743.)

In this State the Legislature has provided in section 979 of the Civil Practice Act that where a " judgment directs a party * * * to convey real property, if the direction is disobeyed, the court, by order, besides punishing the disobedience as a contempt, may require the sheriff * * * to convey the real property, in conformity with the direction of the court." A decree of the court is enforceable not merely by punishment of a disobedient party but may be carried into effect by action of the sheriff operating directly upon the property. It may be that the primary purpose of the Legislature was to grant additional force to a decree in a case where the court had acquired jurisdiction of the person of a disobedient party. Its effect extends beyond such a case. It has changed the nature of the action from an action *in personam*, to an action substantially *in rem*. Though the court cannot by constructive service obtain jurisdiction of the person of a non-resident defendant and cannot compel such a defendant to obey its decree, where the court has the power to make a decree which will affect the interests of a party in property within the State, whether that party obeys the decree or not, the action is not purely *in personam*. The court's decree acts upon the property as well as the person of the nonresident defendant. In such case the objection that the court by constructive service obtains no jurisdiction over the person of a non-resident is without force. The Legislature has expressly provided that in an action for specific performance a court may enforce its decree by other means than direction to the defendant.

The order should be affirmed, with costs, and the questions certified answered " Yes."

CARDOZO, CH. J., POUND, CRANE, ANDREWS and O'BRIEN, JJ., concur; KELLOGG, J., dissents.

Order affirmed, etc.