STATE ex rel. MILLER, Relator, v. DISTRICT COURT of
SEVENTH DISTRICT in and for RICHLAND COUNTY
ET AL., RESPONDENTS.

No. 8775

Submitted October 10, 1947. Decided November 3, 1947.

186 Pac. (2d) 506

Mr. Leif Erickson, of Helena, and Mr. C. T. Sanders, of Sidney, for relator.

Mr. Milton G. Anderson, of Sidney, for respondents.

MR. CHIEF JUSTICE ADAIR delivered the opinion of the Court.

Original proceeding. Relator Henry A. Miller petitions this court for a writ of supervisory control directing the respondent court and judge to show cause why an order quashing and vacating the summons in Cause No. 5316 should not be annulled.

The action was brought in the district court of Richland county, Montana, by relator as plaintiff against the defendant George Chapel to enforce the specific performance of an alleged contract to convey certain described real estate situate in said county. At the commencement of the suit the defendant was not then nor is he now within the state of Montana but being then and now an inhabitant of and within the state of Minnesota. Service of summons was attempted to be made by publication and defendant through counsel appeared specially and challenged the jurisdiction of the court, whereupon the district court ordered the summons and service quashed and set aside on the ground that the action is in personam requiring personal service upon defendant. To an alternative writ issued by this court respondents have interposed a motion to quash and to dismiss the proceedings, thus challenging the correctness of the order made by the district court.

In the well considered case of Silver Camp Mining Co. v. ▉▉▉ Dickert, 31 Mont. 488, 78 Pac. 967, 67 L. R. A. 940, 3 Ann. Cas. 1000, decided December 24, 1904, this court held that in the absence of elements establishing a trust in favor of the plaintiff with respect to land in this state, a suit for specific performance of a contract for the sale thereof is a suit in personam which may be brought only where the defendant resides, or may be legally served with summons; that service by publication, or service personally outside of the state wherein suit is instituted, does not confer jurisdiction upon the court to render judgment against a defendant who appears specially to challenge the jurisdiction of the court and that section 637 of the Montana Code of Civil Procedure of 1895, now sec. 9117, Rev. Codes, providing for the publication of summons has

no application to actions in personam but is confined to actions in rem.

Section 9117, Revised Codes of 1935, provides: "When the person on whom the service of a summons is to be made resides out of the state, or has departed from the state, or cannot, after due diligence, be found within the state, or conceals himself to avoid the service of the summons; or when the defendant is a foreign corporation, having no managing or business agent, cashier, secretary, or other officer within the state, and an affidavit stating any of these facts is filed with the clerk of the court in which the action is brought, and such affidavit also states that a cause of action exists against the defendant in respect to whom the service of the summons is to be made, and that he or it is a necessary or proper party to the action, the clerk of the court in which the action is commenced shall cause the service of the summons to be made by publication thereof. *The provisions of this section shall apply to all actions and proceedings in which personal service of summons is not required to be made in order to obtain relief, including every action or proceeding commenced in any district court of this state to enforce any legal or equitable lien upon, or claim to, or to remove any encumbrance, or lien, or cloud, upon the title of real or personal property within this state.*" (Emphasis supplied.)

The italicized portion of the above statute was added to section 637, Montana Code of Civil Procedure of 1895, by the enactment of Chapter 36 of the Laws of 1907.

In Galpin v. Page, 18 Wall. 350, 21 L. Ed. 959, cited with approval by this court in Burke v. Inter-State Savings and Loan Association, 25 Mont. 315, 64 Pac. 879, 87 Am. St. Rep. 416, the court said: "When, * * * by legislation of a state, constructive service of process by publication is substituted in place of personal citation, and the court upon such service is authorized to proceed against the person of an absent party, not a citizen of the State nor found within it, every principle

of justice exacts a strict and literal compliance with the statutory provisions."

In Holt v. Sather, 81 Mont. 442, 264 Pac. 108, 111, this court said: "It is the settled judicial policy of this state that more accurate observance, with regard to compliance with provisions of the statutes, is required in constructive service than in personal service; also that less presumption in favor of jurisdiction of a court, upon rendition of judgment, is indulged in when the judgment is based upon constructive service than when based upon personal service."

Relator urges that the amendment of 1907, by including within its provisions actions to enforce a "claim to * * * real * * * property within this state," sec. 9117, permits service of summons to be made by publication in actions such as this to enforce specific performance of a contract to convey real estate, but such contention finds no support in either the decisions of this court nor in those of the federal courts construing like statutory provisions.

The federal statute providing for service by publication upon absent defendants in certain designated actions contains the same language employed in the 1907 amendment to section 637 of the Montana Code of Civil procedure of 1895 sec. 9117, Rev. Codes of Montana 1935, and provides for such substituted service when the action is brought "to enforce any legal or equitable lien upon or claim to, or to remove any incumbrance or lien or cloud upon the title to real or personal property within the district * * * one or more of the defendants therein shall not be an inhabitant of or found within the said district * * *." Section 8 of the Act of Congress of March 3, 1875, Ch. 137, 18 Stat. 472, sec. 738, Rev. Stat., 28 U. S. C. A. sec. 118.

In construing the foregoing federal statute in Ladew v. Tennessee Copper Co., C. C., 179 F. 245, 251, affirmed 218 U. S. 357, 31 S. Ct. 81, 54 L. Ed. 1069, the court said that, "it appears from the concluding portion of this section that it relates entirely to suits of which property is the 'subject,' and

as the words 'claim to * * * property' are evidently used in contrast to liens or encumbrances upon property and are the only words in the section under which a claim to the direct ownership of property may be included, these words relate only to claims made to the property in the nature of an assertion of ownership or proprietary interest, or other direct right or claim to the property itself, such, for example, as the claim of ownership of an undivided interest in the property upon which a suit for partition may be based (Greeley v. Lowe, 155 U. S. 58-74, 15 S. Ct. 24, 39 L. Ed. 69), and do not include the assertion of a right which is not based upon an *interest in the property itself,* * * *.''

Municipal Inv. Co. v. Gardiner, CC., 62 F. 954, holds that a suit to enforce the specific performance of a contract to convey land is an action in personam wherein the above federal statute does not authorize substituted service by publication of summons. This case was followed in Dan Cohen Realty Co. v. National Savings & Trust Co., 6 Cir., 125 F. (2d) 288. See also Kansas Gas & Electric Co. v. Wichita National Gas Co., 8 Cir., 266 F. 614; Vidal v. South American Securities Co., 2 Cir., 276 F. 855.

In Thrift v. Thrift, 54 Mont. 463, 171 Pac. 272, decided February 27, 1918, this court held that it is now well settled that in an action in personam decree cannot be rendered upon substituted service alone. Citing Silver Camp Mining Co. v. Dickert, supra, and Pennoyer v. Neff, 95 U. S. 714, 24 L. Ed. 565.

In Winnett Times Pub. Co. v. Berg, 82 Mont. 141, 265 Pac. 710, 711, decided March 27, 1925, the plaintiff, charging fraud, brought suit to compel the defendant to surrender for cancellation certain notes executed by plaintiff to defendant in part payment of a printing plant and equipment located at Winnett, Montana, the notes being secured by a chattel mortgage on the property. Service of summons was made upon the defendant by publication. Failing to appear defendant's default was entered and judgment rendered against him. In re-

versing the judgment this court held that the action was in personam; that substituted service of summons did not give the court jurisdiction to enter the judgment and that section 9117, Revised Codes, "does not abrogate the rule of the common law which requires personal service of the summons in action in personam." See also Gassert v. Strong, 38 Mont. 18, 98 Pac. 497; Hinderager v. MacGinniss, 61 Mont. 312, 202 Pac. 200; State ex rel. Kelly v. District Court, 73 Mont. 84, 235 Pac. 751; Atlantic Seaboard Natural Gas Co. v. Whitten, 315 Pa. 529, 173 A. 305, 93 A. L. R. 615; 42 Am. Jur., "Process," pages 63-78, sections 75-88.

A careful examination of the cases cited by relator as holding that service may be made by publication in actions for specific performance of a contract to convey real property reveals that such decisions were based upon statutes containing quite different language from that employed in our statute, hence they do not aid us in construing the provisions of section 9117, Revised Codes of Montana, 1935.

In our opinion the view of the law announced by this court in Silver Camp Mining Co. v. Dickert, supra, and approved and followed almost a quarter of a century later in Winnett Times Pub. Co. v. Berg, supra, is sound and "in consonance with reason and the general practice which has heretofore prevailed throughout this country." 31 Mont. at page 501, 78 Pac. at page 971, 67 L. R. A. 940, 3 Ann. Cas. 1000.

The respondent district court has acquired no jurisdiction over the person of relator and it properly ordered the attempted service of summons by publication quashed and set aside. Accordingly, the peremptory writ applied for is denied, the alternative writ is quashed and the proceedings ordered dismissed.

Associate Justices Choate and Gibson, concur.

Mr. Justice Angstman (dissenting).

After the decision in Silver Camp Mining Co. v. Dickert, 31 Mont. 488, 78 Pac. 967, 67 L. R. A. 940, 3 Ann. Cas. 1000, holding that a suit for the specific performance of a contract to convey real estate was one in personam, the legislature

amended section 9117 by inserting the following: "The provisions of this action shall apply to all actions and proceedings in which personal service of summons is not required to be made in order to obtain relief, including every action or proceeding commenced in any district court of this state to enforce any legal or equitable lien upon, or claim to, or to remove any incumbrance, or lien, or cloud, upon the title of real or personal property within this state."

The first part of this added paragraph indicates a legislative purpose to extend the right to service by publication the extreme limit permissible by legislative Act. The latter part of the added paragraph simply specifies certain actions that the legislature intended should surely be covered but it does not thereby restrict the former part of the added paragraph.

The statute is broader than the Federal statute considered in Ladew v. Tennessee Copper Co., CC., 179 F. 245, 250, relied upon in the majority opinion. In that case the court pointed out that the statute contained no general terms but specifically enumerated the actions to which it related by saying:

"It is clear that this section does not extend either to all suits of a local nature or to all local actions in rem or in the nature of proceedings in rem, but is definitely limited to suits brought for the enforcement of certain specific rights. The suits which it includes are not described by reference to their general character, but by reference to their object. It contains no general descriptive phrase such as 'suits of a local nature,' used in sections 741 and 742, Rev. St. [28 U. S. C. A. secs. 115, 116] (U. S. Comp. St. 1901, p. 588), in regard to suits brought in a state having more than one judicial district, or 'proceedings in rem' or other like phrase; on the contrary it definitely enumerates the suits to which it relates, namely, those brought 'to enforce any legal or equitable lien upon or claim to, or to remove any incumbrance or lien or cloud upon, the title to real or personal property.' In view of this specific enumeration of the suits to which it relates, and the absence of any general phrase extending its provisions to any other action, local or

otherwise, its scope cannot be extended by any process of construction, there being nothing in its language upon which such extension can be based.

"Where a 'statute specifies certain classes of cases which may be brought against nonresidents, such specification, doubtless, operates as a restriction and limitation upon the power of the court.' Roller v. Holly, 176 U. S. 398, 406, 20 S. Ct. 410, 413, 44 L. Ed. 520."

Our statute does not specifically enumerate the cases wherein summons may be served by publication and does contain the general clause that the statute applies "to all actions and proceedings in which personal service of summons is not required to be made in order to obtain relief."

Hence if the suit for specific performance of a contract to convey real estate is not one to enforce a "claim to" the title of real property, service on a nonresident by publication is still permissible under the first part of the quoted paragraph of section 9117 if it is the kind of action where personal service is not required in order to obtain relief. In other words, the first part of the added paragraph of section 9117 is sufficiently broad to include an action for specific performance of a contract to convey real estate and it must be construed as specifically naming such an action if it is competent for the legislature to make such an action one quasi in rem. In other words, the first part of that paragraph went as far as it was competent for the legislature to go and it seems to me the only question before us is, was it competent for the legislature to make such an action one quasi in rem where substituted service is permissible?

I think the answer to that question must be in the affirmative. Many courts throughout the country have so held. In Light v. Doolittle, 77 Ind. App. 187, 133 N. E. 413, 414, the court in so ruling said:

"Conceding that a suit for the specific performance of a contract to convey real estate is in personam and not in rem, with the result that a court having personal jurisdiction of the parties may entertain the suit in respect to land outside of the

state, and that a court without personal jurisdiction of the parties may not entertain such suit in respect to land within its territorial jurisdiction, it does not necessarily follow that the Legislature of the state within which the land is situated does not have power to give such suit the character of a suit in rem or quasi in rem, so as to sustain the jurisdiction upon constructive service against a nonresident. Upon the contrary, the power of the state in this respect has been expressly affirmed in a number of cases which recognize the general principle that such a suit is in personam and not in rem. Boswell's Lessee v. Otis, 9 How. 336, 13 L. Ed. 164; Hart v. Sansom, supra, 110 U. S. 151, 3 S. Ct. 586, 28 L. Ed. 101; Arndt v. Griggs, supra, 134 U. S. 316, 10 S. Ct. 557, 33 L. Ed. 918; Single v. Scott Paper Mfg. Co., C. C., 55 F. 553; Adams v. Heckscher, C. C., 83 F. 281; Clem v. Given's Ex'r, 106 Va. 145, 55 S. E. 567; Felch v. Hooper, 119 Mass. 52; Horner v. Ellis, 75 Kan. 675, 90 P. 275, 121 Am. St. Rep. 446.

"It seems to us that, notwithstanding the general principle that a suit for the specific performance of a contract to convey real property is a suit in personam and not in rem, so that jurisdiction cannot rest upon constructive service of process against a nonresident who does not appear, yet such a suit may, by statute, be given the character of a suit in rem or quasi in rem, so as to sustain jurisdiction upon this character of service even as against a nonresident. *If a statute providing for service by publication upon nonresident defendants specially names suits for specific performance; or describes the class of actions in which such service may be had in terms which clearly embrace suits for specific performance, that in itself is sufficient to characterize the suit as one in rem or quasi in rem for this purpose.*" (Italics mine.)

In Garfein v. McInnis, 248 N. Y. 261, 162 N. E. 73, the court in construing the statute involved as covering a suit for specific performance said: "The language of the statute is sufficiently broad to cover an action for specific performance. Service without the state is sufficient to give the court jurisdiction to grant

a judgment in rem binding upon a nonresident defendant so served." And continuing, the court said: "A court of equity, undoubtedly, may by constructive service, in accordance with statute, acquire jurisdiction over a nonresident in an action for specific performance whenever it has power, whether granted by statute or inherent, to make a decree which will result directly, or through conveyance by an officer, in the transfer of title or interest in land." It then referred to a statute identical with our section 9310 which in part reads: "Where a judgment directs a party * * * to convey real property, if the direction is disobeyed, the court, by order, besides punishing the disobedience as a contempt, may require the sheriff * * * to convey the real property, in conformity with the direction of the court." Civil Practice Act N. Y., sec. 979.

To the same effect is Hawkins v. Doe; 60 Or. 437, 119 Pac. 754, 755, Ann. Cas. 1914A, 765, where the court among other things said: "A contract to purchase land would be a hazardous proceeding, if the purchaser were required to search the civilized world and sue each heir in the place of his residence, in case of the vendor's death, before performance, and we cannot concede that the law requires such an absurd proceedure."

In Bush v. Aldrich, 110 S. C. 491, 96 S. E. 922, 924, it was held that jurisdiction against a nonresident for specific performance of a contract to convey land in the state might be obtained by constructive service. The court said: "The subject of the action is real property within this state, and defendant has an interest in it, and the relief demanded consists, wholly or partly, in excluding him from any interest therein." The court in that case also stressed the fact that the court had the power to frame its judgment so as to vest the legal title to the land in plaintiff without the performance of any act from defendant.

The above cited cases are all referred to in an exhaustive note on the subject in 93 A. L. R. 621. The author of that note stated: "The rule adopted by the weight of authority is that such statutes embrace suits for specific performance of con-

tracts to convey land in the state, and authorize in such suits constructive service of process (by publication or without the state) upon nonresidents * * * particularly where another statute provides that the property may be conveyed by the mere force of the decree ordering its conveyance, so that in decreeing specific performance the court may frame its decree in a form purely in rem * * *.''

The rule which I think applies here was summarized by the author in the note in 126 A. L. R. 651, 667, wherein he said:

''However, under statutes expressly authorizing specific performance of a contract to convey land in a suit upon constructive service of process, or statutes which, in broadly specifying the character of suits in which constructive service may be had, embrace suits for specific performance, or statutes enabling equity courts to convey the local property of a nonresident through a master in chancery, or providing that the decree itself shall be sufficient to operate as a conveyance, suits for specific performance of contracts to convey local property of nonresidents have been regarded as sufficiently in rem or quasi in rem to justify assumption of jurisdiction by constructive service of process. Boswell's Lessee v. Otis, 1850, 9 How. 336, 13 L. Ed. 164; Waters v. Southern Brighton Mills, 1929, 168 Ga. 15, 147 S. E. 87; Light v. Doolittle, 1921, 77 Ind. App. 187, 133 N. E. 413; Hollander v. Central Metal & Supply Co., 1909, 109 Md. 131, 71 A. 442, 23 L. R. A., N. S., 1135; McVoy v. Baumann, 1922, 93 N. J. Eq. 638, 117 A. 725; Garfein v. McInnis, 1928, 248 N. Y. 261, 162 N. E. 73; Safarik v. Greenwald, 1903, 1 Ohio Cir. Ct. R. (N. S.) 219, 24 Ohio Cir. Ct. R. 607; Hawkins v. Doe, 1921, 60 Or. 437, 119 Pac. 754, Ann. Cas. 1914A, 765; Bush v. Aldrich, 1918, 110 S. C. 491, 96 S. E. 922; Clem v. Given's Ex'r, 1906, 106 Va. 145, 55 S. E. 567; Annotation in 93 A. L. R. 621.''

The statutes in the above cited cases were not the same as ours but the outstanding difference between our statute and those involved in the above cited cases is that ours is broader than any of the others. It is evident from a reading of our

434

statute that the legislature intended to go as far as it possibly could in authorizing constructive service on nonresidents and hence used the general language in the first part of the quoted paragraph from section 9117.

The case of Winnett Times Pub. Co. v. Berg, 82 Mont. 141, 265 Pac. 710, 712, relied upon in the majority opinion, does not militate against the view herein expressed. In that case the court quoted with approval from the leading case on this subject, that of Pennoyer v. Neff, 95 U. S. 714, 24 L. Ed. 565, as follows: "Substituted 'service may also be sufficient in cases where the object of the action is to reach and dispose of property in the state, or of some interest therein, by *enforcing a contract* or a lien respecting the same.'" (Italics mine.)

I think the court erred in quashing service of the summons and that the order should be set aside and annulled and defendant be allowed a reasonable time to further plead.

Mr. Justice Metcalf:

I concur in the above dissenting opinion of Mr. Justice Angstman.

Rehearing denied December 2, 1947.