McALPIN, RESPONDENT, *v.* SMITH ET AL., APPELLANTS.

No. 8928.

Submitted December 15, 1949. Decided January 13, 1950.

213 Pac. (2d) 602.

Mr. Russell E. Smith, Missoula, Messrs. Smith, Boone and Rimel, Missoula, for appellants. Mr. Smith argued orally.

Mr. Lloyd I. Wallace, and Mr. F. N. Hamman, both of Polson, for respondent. Mr. Hamman argued orally.

MR. JUSTICE FREEBOURN:

This appeal is from a judgment in a quiet title action rendered by the district court of Lake county in favor of plaintiff and respondent R. H. McAlpin and against defendants and appellants Florence Smith, Hope A. Smith, Evelyn C. Smith and Oliver H. Smith, quieting title to certain lands in Lake county in plaintiff and respondent.

The complaint is in the usual quiet title action form. The essential allegations are: That plaintiff is the owner of the lands described in the complaint; that he is in possession of such lands; that defendants assert some claim, right or title in such lands adverse to plaintiff; and asks that title be quieted in plaintiff.

Defendants alleged in their answer that title to the lands was in themselves; admitted the lands were in Lake county where the action was brought; and denied all else.

From a reading of the record and considering all evidence before the lower court, competent and incompetent, it appears that McAlpin, a rancher, in the spring of 1945, went to the Lake county courthouse and found the land in question owned by non-residents. It was stipulated in open court by counsel for all parties that at this time "the title actually stood in the name of Hope A. Smith, Evelyn C. Smith, Oliver H. Smith and Lester H. Smith," and "that Lester H. Smith was dead, and that his estate was thereafter probated and his one-fourth interest in this land was later decreed to his wife, Florence Smith," one of the defendants.

McAlpin, in March of 1945, wrote "to the Lester H. Smith estate because," as he said, "I knew none of the Smiths personally." He received no answer to this letter. Later Bert Hoxmer, now dead, whose wife was related to the Smiths, came to him "to talk over the terms of the sale of this land." Hoxmer wrote the Smiths "that I offered the Smiths thirty-two hundred dollars for this land and that he recommended they accept this price." A letter from Florence Smith to Hoxmer "included a deed signed by the four Smiths and made out to me."

There was no delivery of this deed to McAlpin because, as he said, "I objected to accepting the deed because there had been no abstract produced, and asked him to produce an abstract before I accepted the deed and made full payment." No part of the purchase price was paid.

Later an abstract was given McAlpin by Hoxmer. McAlpin's attorney, after examination of the abstract, required certain probate proceedings to be had and raised some question as to easements on the land.

The abstract, brought down to August 2, 1946, placed in evidence by plaintiff, showed the record title of the lands to be in the defendants Florence Smith, Hope A. Smith, Evelyn C. Smith and Oliver H. Smith. A letter signed by Evelyn C. Smith to McAlpin's lawyer, dated June 27, 1946, put in evidence by plaintiff, said in part: "Upon checking the correspondence * * * we find that there has been no communication since February 9, 1946, in which you stated that 'we cannot close the deal'."

On August 26, 1946, McAlpin, through his attorney, sent the Smiths a check for $3,200. The check was returned.

McAlpin took possession of the land in May 1945, claiming Hoxmer consented to such possession, placed some fences upon it and paid some taxes levied on the land. Since McAlpin did not claim title by adverse possession these circumstances have little weight here.

On September 21, 1946, McAlpin filed a specific performance action against these same defendants in the district court of Lake county, alleging in his complaint, "that on or about the 15th day of April 1945, the defendants were the owners in fee * * * and that defendants still have the legal title" to these same lands. He alleged a contract between the parties to sell and purchase such lands for $3,200; that the contract had been completed; that he had paid the $3,200 into court; and asked that defendants be compelled to specifically perform the contract by executing and delivering a deed to him of the lands.

Summons was attempted to be served by publication, the defendants at all times being residents of Wisconsin and outside the state of Montana. The specific performance action continued until February 7, 1948, when it was dismissed, following the decision of this court in State ex rel. Miller v. District Court, 120 Mont. 423, 186 Pac. (2d) 506, 173 A. L. R. 978, holding "An action for specific performance of alleged contract to convey real estate was an action *in personam* in which jurisdiction of a nonresident defendant could not be obtained by service of summons by publication and in which personal service was required.

The files of the specific performance action were introduced as evidence by plaintiff in the quiet title action now before us, the quiet title action being filed on February 7, 1948, the same day the specific performance action was dismissed.

Notwithstanding the complaints in these two actions are diametrically opposed as to allegation of title to the lands, the parties to the actions are the same, the lands involved are the same and the evidence in so far as plaintiff is concerned undoubtedly would be the same. The real differences between the actions are: Service of summons in the quiet title action could be by publication but in the specific performance action it had to be personal, which explains why plaintiff dropped the specific performance action and instituted the quiet title action, and in order to make his quiet title complaint stand up, plaintiff had to allege title to the lands in himself, while in the specific performance action he had alleged title to be in defendants.

The complainant in an action to quiet title has the burden of proof as to all issues arising upon the essential allegations of the complaint. He must prove title in himself if the answer denies his title. 44 Am. Jur., Quieting Title, Sec. 83, p. 67. The burden of proof was on plaintiff. The plaintiff in an action to quiet title must succeed on the strength of his own title and not on the weakness of his adversary's. Borgeson v. Tubb, 54 Mont. 557, 172 Pac. 326. See also Smith v. Whitney, 105 Mont. 523, 74 Pac. (2d) 450; and Aronow v. Bishop, 107 Mont.

317, 86 Pac. (2d) 644. 51 C. J., Quieting Title, sec. 73, p. 171, lays down the rule: "In an action to quiet title or remove a cloud thereon the general rule is that plaintiff must succeed on the strength of his own title and not on the weakness of his adversary's, except where the parties claim title from a common source. Want of title in plaintiff renders it unnecessary to examine that of defendant."

Plaintiff's own evidence showed beyond question that title to the lands was in defendants.

By stipulation of both parties in open court it was agreed that "the title actually stood in the name of Hope A. Smith, Evelyn C. Smith, Oliver H. Smith and Lester H. Smith" and that "Lester H. Smith was dead, and that his estate was thereafter probated and his one-fourth interest in this land was later decreed to his wife Florence Smith."

The abstract, introduced by plaintiff as evidence, showed the record title of said lands to be in defendants as of the date thereof, August 2, 1946. The complaint, in the specific performance action, signed by plaintiff, under oath, on September 21, 1946, alleged: "That on or about the 15th day of April 1945, the defendants were the owners in fee of the lands" and "that the defendants still have the legal title to said lands." Nothing happened between September 21, 1946, and the time of trial which would change or weaken this title.

Plaintiff did not and could not prove title to the lands in himself. There was a complete failure of proof as to an essential allegation of the complaint, to-wit: That title to the lands was in plaintiff.

For the foregoing reasons the judgment of the lower court is reversed with directions to dismiss the action.

MR. CHIEF JUSTICE ADAIR and ASSOCIATE JUSTICES ANGSTMAN, METCALF and BOTTOMLY, concur.