(33 Misc. Rep. 576.)

### NORTH AMERICAN TRUST CO. v. AYMAR.

(Supreme Court, Special Term, New York County. January, 1901.)

INCOME OF TRUST FUND—ATTACHMENT.

The income of a trust fund is not the subject of levy on execution, but can only be reached by a creditors' suit extending only to the surplus over what is sufficient for the proper support of the cestui que trust, and hence it is exempt from levy of attachment, which Code, § 644, provides shall be made on the property of defendant "not exempt from levy and sale by virtue of an execution."

Action by the North American Trust Company against Edmund B. Aymar. Application by defendant to vacate a levy under an attachment on the income of trust property. Granted.

Alexander & Green, for plaintiff.
S. M. Hitchcock, for defendant.

BLANCHARD, J. This application is made by defendant to vacate a certain levy made by the sheriff upon certain property of the defendant. The warrant was served upon the executors and trustees of the estates of R. Smith Clark and Mary C. Clark, the grandparents of the defendant. It appears that under the wills of his said grandparents a certain share of each of the estates is left to the executors in trust to receive the rents, issues, and profits, and to apply the same to the use of defendant, and that defendant is entitled to no part of the principal of the estate. It appears that from this source defendant receives about $8,500 per annum, which defendant swears is necessary to the support of himself and family, he having no other property or income. Defendant claims that the income thus payable to him is the income of a trust estate, and is, therefore, exempt from levy under an attachment. Section 644 of the Code provides for the levy by the sheriff, under a warrant of attachment, upon the property of defendant "not exempt from levy and sale by virtue of an execution." The income of a trust fund cannot be the subject of a levy upon execution. It can only be reached by a creditor, after exhaustion of his legal remedies, by a suit in equity, and then only the surplus, if there be any, over and above that which is sufficient for the proper support of the cestui que trust, can be reached. Brewster v. Power, 10 Paige, 562; Williams v. Thorn, 70 N. Y. 270; Graff v. Bonnett, 31 N. Y. 9; Salsbury v. Parsons, 36 Hun, 12. My attention has not been called to any decision where the right to levy an

attachment upon property held in trust has been the subject of consideration, but, applying the principles now well established in this state concerning the application of property held in trust to the payment of debts of the beneficiary, the motion to vacate the levy must be granted to the extent indicated. The levy, so far as it may affect any commissions which defendant may be entitled to receive, either as executor or trustee under the wills mentioned, may stand.

Ordered accordingly.