(77 App. Div. 422.)

### FISKE v. PARKE.

(Supreme Court, Appellate Division, First Department. December 19, 1902.)

1. ATTACHMENT—PROPERTY SUBJECT—INTEREST OF CESTUI QUE TRUST.
   The interest of a cestui que trust is not the subject of attachment.

2. SAME—BOND AND MORTGAGE—FORM OF LEVY.
   Code Civ. Proc. § 649, provides that a levy under a warrant of attachment on personal property capable of manual delivery, including a bond, promissory note, or other instrument for the payment of money, shall be made by taking the same into the actual custody of the sheriff. *Held*, that a bond collaterally secured by a mortgage was within such section, and hence an attempted levy by delivering a certified copy of the warrant with notice to the debtor was insufficient to create a lien on such securities.

3. SAME.
   The debt secured by a bond and mortgage cannot be attached as an existing obligation, irrespective of such bond and mortgage.

Appeal from special term, New York county.

Action by John B. B. Fiske against Marina Elena Parke, formerly Marina Elena Delgado. From an order vacating an ex parte order directing entry of judgment, and vacating the judgment entered thereon (79 N. Y. Supp. 138), plaintiff appeals. Affirmed.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, PATTERSON, O'BRIEN, and LAUGHLIN, JJ.

David F. Toumey, for appellant.
Frederick J. Moses, for respondent.

PATTERSON, J. From an order vacating a judgment entered against the defendant upon her failure to appear and answer in the action this appeal is taken. The motion to vacate was granted at the special term, on the ground that the court never acquired jurisdiction over the defendant or her property. The summons was served upon the defendant without the state, and by publication, and it was sought by the plaintiff to acquire jurisdiction by attachment. A warrant was procured, under which the sheriff of the county of New York and the sheriff of Kings county undertook to levy upon what is claimed to be property or property rights of the defendant. It would appear that in the effort to make a levy the sheriff of New York county served a warrant, with notice, upon E. W. Sells, trustee under the last will and testament of Ella A. Delgado, and such trustee

delivered to the sheriff a certificate stating that the defendant was the beneficiary of a trust of one-half of an estate in his hands under such will, and that the income derived therefrom and payable to the defendant was not more than sufficient and necessary for the support of the said defendant. The interest of the defendant as a cestui que trust was not the subject of attachment. She had no legal title or estate. Her interest was purely equitable. The title was in the trustee, and she could only enforce the trust in equity. An attachment is leviable only upon legal interests, and does not extend to equitable interests. Thurber v. Blanck, 50 N. Y. 80; Anthony v. Wood, 96 N. Y. 180. The sheriff of Kings county undertook to make a levy by serving a certified copy of the warrant, with notice, on William A. Brown, on July 10, 1902. Brown, on September 26, 1902, delivered to the sheriff a certificate stating that he was indebted to the defendant in the sum of $7,000, which was secured by a bond and mortgage on property in Kings county. It does not appear that anything farther was contained in Brown's certificate, but in October, 1902, in an examination of Brown in aid of an execution issued upon the judgment, he testified that he then had in his hands $175 interest, which became due on the bond and mortgage on September 6, 1902, or about two months after the warrant and notice were served upon him. No effectual levy was made upon the debt secured by the bond and mortgage. Under section 649 of the Code of Civil Procedure a levy under a warrant of attachment is required to be made upon personal property capable of manual delivery, including a bond, promissory note, or other instrument for the payment of money, by taking the same into the actual custody of the sheriff. A bond which is collaterally secured by a mortgage is not excluded from the operation of that section. At the time the copy of the warrant and the notice were served upon Brown, no interest apparently was due upon the mortgage, and therefore there was no accrued interest which would constitute a debt severed from the bond and mortgage. Nor could the debt secured by the bond and mortgage be levied upon as an existing obligation, irrespective of the bond and mortgage. Von Hesse v. Mackaye, 55 Hun, 365, 8 N. Y. Supp. 894. The bond and mortgage could only be levied upon by the sheriff taking them into his actual custody. Anthony v. Wood, supra.

The order appealed from should be affirmed, with $10 costs and disbursements. All concur.