Ida E. L. Schaefer, Appellant, v. Mary M. Fisher and Charlotte C. Schramme, Individually and as Executors and Trustees, etc., Respondents.— The parties having stipulated in writing that this case may be decided by a court of four justices, the decision is as follows: Judgment dismissing the complaint upon the merits, as modified by order entered June 23, 1926, modified by directing that the complaint be.dismissed without prejudice, and as so modified affirmed, without costs. Order, in so far as it denies motion to make the decision conform to findings and conclusions, reversed and motion granted, without costs. We are of opinion that the release executed by Blanche Morange Rausch did not terminate the trust (*Matter of Wentworth*, 230 N. Y. 176; *Matter of United States Trust Co.*, 175 id. 304), and that Blanche Morange Rausch has a remainder in the estate of her father, subject to being divested. There can, however, be no determination of this action upon the merits for the reason that, after the trial and before judgment, the sheriff of the county of Westchester was stricken out as a party plaintiff, after which judgment could not be entered as in a judgment creditor's action for the reason that Blanche Morange Rausch was not a party defendant and the action was brought prior to the return of the execution. Young, Lazansky and Hagarty, JJ., concur; Kapper, J., dissents, being of opinion that there was no valid judgment obtained by the publication, and that the judgment should be affirmed and not modified. Settle order on notice.

Chauncey M. Sincerbeaux, Respondent, v. The Queensboro Corporation and 96–28th Street, Jackson Heights, Inc., Appellants.— The parties having stipulated in writing that this case may be decided by a court of four justices, the decision is as follows: Order granting plaintiff injunction *pendente lite* reversed upon the law, with ten dollars costs and disbursements, and motion denied, with ten dollars costs. Plaintiff is not entitled to rescind the contract in question while he affirms the contract by accepting a benefit thereunder. It cannot be said that plaintiff has repudiated his contract while he still holds possession of his apartment under his agreement and lease with the defendants. Young, Kapper, Lazansky and Hagarty, JJ., concur.

Courtland Smith, Appellant, v. Moses L. Annenberg and Others, Respondents. (Action No. 1.) — Order denying motion to vacate notice of examination before trial affirmed, with ten dollars costs and disbursements. No opinion. Young, Rich, Kapper, Lazansky and Hagarty, JJ., concur.

Chester Solez, Respondent, v. C. & K. Construction Co., Inc., Appellant.— The parties having stipulated in writing that this case may be decided by a court of four justices, the decision is as follows: Judgment and order unanimously affirmed, with costs. No opinion. Present — Young, Kapper, Lazansky and Hagarty, JJ.

Isidore Stern and H. James Stern, Copartners, etc., Appellants, v. Morris Schneider, Respondent.— Order denying plaintiffs' motion for summary judgment affirmed, with ten dollars costs and disbursements. No opinion. Rich, Young, Kapper, Lazansky and Hagarty, JJ., concur.