IDA E. L. SCHAEFER, Plaintiff, *v.* MARY M. FISHER and Another, Defendants.

Supreme Court, New York County, May 2, 1930.

*Smyth, Sargent & Osbourne* [*George W. Smyth* of counsel],· for the plaintiff.

*Merrill, Rogers, Gifford & Woody* [*Charles L. Woody* and *Alexander R. Kellegrew* of counsel], for the defendants except Blanche Morange Rausch.

TOWNLEY, J.   This is an action in equity brought by the plaintiff to declare null and void as a fraudulent conveyance a certain written instrument dated July 1, 1924, and acknowledged July 14, 1924, at Lausanne, Switzerland, alleged to be a release or transfer by the defendant Blanche Morange Rausch of all her interest in her father's estate and to subject the interest of said defendant Rausch in said estate to the lien and to procure satisfaction of a certain judgment secured against said defendant Rausch by this plaintiff in the Supreme Court, New York county, on February 2, 1925, for the sum of $100,194.50, damages and costs, in an action brought by plaintiff for the alienation by said defendant Rausch of the affections of plaintiff's husband, together with appropriate incidental relief. The said judgment recovered February 2, 1925, was and is in all respects a good and valid judgment.   There was a substantial compliance with the statutory provisions relating to attachment and to service of process by publication, and the contentions of the defendants that jurisdictional defects exist in respect to the acquirement of jurisdiction over the defendant Rausch and over the trust res within this State are in all respects overruled.   The alleged defects complained of by the defendants are not jurisdictional defects, but at most, if defects at all, are mere immaterial irregularities.   On October 6, 1924, the court duly issued a valid warrant of attachment in said action for alienation of affections.   On or about October 16, 1924, the sheriff of Westchester county made a valid levy under said warrant upon the remainder interest of the defendant Rausch in her father's estate by due service of the necessary papers prescribed by statute upon Mary M. Fisher, individually and as executrix, pursuant to subdivision 3 of section 917 of the Civil Practice Act.   The case of *Judis* v. *Martin* (218 App. Div. 402), cited by the defendants, in no way concerns an attachment upon a remainder interest, but relates solely to the question whether an attachment could be levied upon an income of a trust fund. The court in *Judis* v. *Martin* (*supra*) in its opinion by DOWLING, J., states: " But it is to be noted that the levy of the attachment [under section 916, Civil Practice Act] is limited to a right or interest of defendant to any of the estate of a deceased person which may belong to him *and which could be legally assigned by him as legatee or distributee.*   [Italics of the court.]   The right of a beneficiary to enforce the performance of a trust to receive the income of personal

property and to apply it to the use of any person cannot be transferred by assignment or otherwise. (Pers. Prop. Law, § 15, subd. 1, as amd. by Laws of 1911, chap. 327.) The trust in the instant case is one to receive the income of personal property. But the same provision is to be found in the Real Property Law [§ 103, subd. 1]."

As a matter of fact and of law, no prior levy of attachment was at all necessary under subdivision 3, section 232 of the Civil Practice Act, to support the order of publication of November 3, 1924, because at that time the defendant Rausch was a resident of the State of New York. The new article 10 (sections 270–281) of the Debtor and Creditor Law, entitled "Fraudulent Conveyances," added by chapter 254 of the Laws of 1925, effective April 1, 1925, is a remedial statute designed to furnish a creditor as therein defined full, complete and speedy relief against his fraudulent debtor, and should receive a liberal construction to accomplish that purpose. Its provisions are merely declaratory of common-law principles, with the single radical change that a judgment at law and the return of an execution thereon unsatisfied are no longer necessary to enable a creditor to maintain an action to annul a fraudulent conveyance. Even if defendants' objections respecting alleged procedural defects had merit, which they have not, this statute renders them untenable and without effect. In *American Surety Co. of New York* v. *Conner* (251 N. Y. 1, at pp. 6 and 7), May 28, 1929, in the unanimous opinion of the court, Chief Judge CARDOZO states: "Article 10 of the Debtor and Creditor Law is substantially the same as the Uniform Fraudulent Conveyance Act, prepared by the Commissioners for the Promotion of Uniformity of Legislation in the United States, and is to 'be so interpreted and construed as to effectuate its general purpose to make uniform the laws of those States which enact it' (Debtor and Creditor Law, § 281). * * * We think the effect of these provisions is to abrogate the ancient rule whereby a judgment and a lien were essential preliminaries to equitable relief against a fraudulent conveyance. The Uniform Act has been so read in other States. (Citing cases.) * * * A creditor may insist upon the satisfaction of his debt out of any property of the debtor fraudulently conveyed."

The present equitable action is not purely *in personam*, but is substantially *in rem* or *quasi in rem*. A court of equity, having once acquired jurisdiction, will retain hold of the subject-matter for all purposes and not lift its hand until plenary and perfect justice is done, as near as may be, under the issues; equity deals with the kernel of things and not the mere shell; form gives way to substance and the matter is adjudicated according to the real nature of the transaction, the relief being adapted and measured by the situation

at the time of the final decree. The summons and complaint in the present action were served upon the defendant Mary M. Fisher, individually and as executrix, on June 29, 1928. On July 31, 1928, the court made an order for the service of the summons and complaint herein by publication upon the defendant Blanche Morange Rausch. The said order of publication was amply supported by adequate affidavits, and was proper and valid in all respects and in accordance with subdivisions 1 and 6 of section 232 of the Civil Practice Act. The provisions of said order of publication were duly complied with by the plaintiff, both as to publication and mailing.

The interest of the defendant Rausch, who was living at her father's death, in the trust established by her father's will, was (1) an inalienable share of the rents and profits arising from real property (See Real Prop. Law, § 103, subd. 1); and (2) a vested remainder subject to be divested in real estate situated in the county of New York (Real Prop. Law, § 40; *Schaefer* v. *Fisher*, 221 App. Div. 880, Second Department, October 28, 1927, reargument denied November 25, 1927, Appellate Division, Second Department, 222 App. Div. 696.) Such real estate is the res of the trust and is property within the jurisdiction of this court, of which the defendant Rausch is a co-owner and, as stated in section 59 of the Real Property Law, " is descendible, devisable and alienable, in the same manner as an estate in possession." In an action in equity of this character, such vested remainder interest (*Bergmann* v. *Lord*, 51 Misc. 213; affd., 194 N. Y. 70), as well as the excess of income reasonably required for the support and maintenance of the bene- ficiary of the trust when ascertained (Real Prop. Law, § 98), and also the prescribed statutory percentage of the income of the judgment debtor arising from the trust liable to execution under section 684 of the Civil Practice Act (*Brearley School* v. *Ward*, 201 N. Y. 358, 362; *Judis* v. *Martin*, 218 App. Div. 402), can be reached and applied to the satisfaction of the plaintiff's judgment claim. The decree of the court can be carried into effect by action of the sheriff operating directly upon the property (See Civ. Prac. Act, § 979; *Garfein* v. *McInnis*, 248 N. Y. 261 [1928]), and even a con- tingent remainder in a trust estate may be sold to satisfy a judg- ment against the remainderman. (*Cohalan* v. *Parker*, [1910] 138 App. Div. 849.)

Subdivision 6 of section 232 of the Civil Practice Act is con- trolling, and a conclusive case in principle is *Garfein* v. *McInnis* (248 N. Y. 261, May, 1928). (See, also, *Gagnon* v. *Roberts*, 131 Misc. 126; affd., 224 App. Div. 723.) In *Garfein* v. *McInnis* (248 N. Y. 261, 263), which was an action against a non-resident for

specific performance of a real estate contract in respect of real property situated within the State of New York, Judge LEHMAN, writing the opinion of the court, stated: " The language of the statute [Civ. Prac. Act, § 232] is sufficiently broad to cover an action for specific performance. Service without the State is sufficient to give the court jurisdiction to grant a judgment *in rem* binding upon a non-resident defendant so served. * * * In jurisdictions where the decrees of a court of equity still retain the traditional form and effect of a mere command, a court of equity cannot obtain jurisdiction over a non-resident by service without the State. * * * It has been held that the power of a court of equity to pronounce a judgment *in rem* is not dependent upon statute, and may be exercised against a non-resident whenever the Legislature has authorized constructive service. * * * A court of equity, undoubtedly, may by constructive service, in accordance with statute, acquire jurisdiction over a non-resident in an action for specific performance whenever it has power, whether granted by statute or inherent, to make a decree which will result directly, or through conveyance by an officer, in the transfer of title or interest in land. * * * In this State the Legislature has provided in section 979 of the Civil Practice Act that: Where ' a judgment directs a party * * * to convey real property, if the direction is disobeyed, the court, by order, besides punishing the disobedience as a contempt, may require the sheriff * * * to convey the real property, in conformity with the direction of the court.' A decree of the court is enforceable not merely by punishment of a disobedient party, but may be carried into effect by action of the sheriff operating directly upon the property. * * * It [Civ. Prac. Act, § 979] has changed the nature of the action from an action *in personam* to an action substantially *in rem*. Though the court cannot by constructive service obtain jurisdiction of the person of a non-resident defendant and cannot compel such a defendant to obey its decree, where the court has the power to make a decree which will affect the interests of a party in property within the State, whether that party obeys the decree or not, the action is not purely *in personam*. The court's decree acts upon the property as well as the person of the non-resident defendant. In such case the objection that the court by constructive service obtains no jurisdiction over the person of a non-resident is without force."

I hold that the service by publication on the defendant Rausch herein was in accordance with subdivision 6 of section 232 of the Civil Practice Act, and that this court has jurisdiction of the subject-matter of this action and ample power and authority to give adequate and full relief as demanded by the plaintiff.

Plaintiff is a judgment creditor as defined in subdivisions 5 and 6 of section 7 of the Civil Practice Act, and in section 26-a of the General Construction Law. The written instrument of so-called release herein was a conveyance within section 270 of the Debtor and Creditor Law (added by Laws of 1925, chap. 254), where a " conveyance " is defined to include " every payment of money, assignment, release, transfer, lease, mortgage or pledge of tangible or intangible property, and also the creation of any lien or incumbrance." The evidence produced at the trial clearly establishes that the alleged release or transfer of the interest of the defendant Rausch in her father's estate was fraudulent, and was made by the defendants co-operating together with intent to hinder, delay and defraud plaintiff as a creditor and is void under the express terms of section 263 of the Real Property Law.* The attempt of the defendant Rausch to alienate her future income in the rents and profits of the real property constituting the res of the trust was in violation of law and prohibited by subdivision 1 of section 103 of the Real Property Law. The attempt of the executrices acting in co-operation with the defendant bank to terminate the trust was an act " in contravention of the trust," and was invalid and prohibited by section 105 of the Real Property Law. The suggestion of the defendants that the payment of $40,000 to the defendant Rausch as and for her entire interest in the trust was authorized under the terms of the testator's will and was a proper act of their discretion cannot be sustained. The will is clear and specifically provides that the trustees shall " collect and receive the rents and income and profits arising therefrom, and after paying the necessary costs, charges and expenses of my estate, to apply and pay over the net income thereof unto my said daughters in equal shares, * * * and should the said net income of my said trust estate be insufficient to properly support and maintain my daughters or any of them then in the discretion of my said executors and trustees so much of the principal of my said estate as may be necessary and proper may be applied by them for that purpose." The evidence clearly establishes that the true intent and purpose of the defendants was to abrogate and destroy the trust for all time to come, and with the intent and purpose fraudulently and wrongfully to hinder and frustrate the collection and satisfaction of plaintiff's judgment, and not for the prescribed lawful purpose of furnishing proper support and maintenance for the defendant Rausch in accordance with the terms of the will. The fraudulent intent and purpose establishing this attempted transfer to be a fraudulent conveyance is, in my

---

* Repealed by Laws of 1925, chap. 254.— [REP.

opinion, overwhelmingly established by the cablegrams exchanged and the other clearly established facts in this record.

The defendant bank will be held to have had knowledge of the purpose of the contemplated transfer and responsible for the knowledge of its attorney, Mr. Kellegrew, and I hold that the defendant bank actively and knowingly co-operated with the other defendants in carrying out and consummating such wrongful transfer of the trust res, with the intent to hinder, delay and frustrate the collection and satisfaction of the plaintiff's judgment which, to the bank's knowledge, had been secured by this plaintiff in the alienation action. I agree with the conclusion stated by the Appellate Division, Second Department, in *Schaefer* v. *Fisher* (221 App. Div. 880) and hold " that the release executed by Blanche Morange Rausch did not terminate the trust (*Matter of Wentworth*, 230 N. Y. 176; *Matter of United States Trust Co. of New York*, 175 id. 304), and that Blanche Morange Rausch has a remainder in the estate of her father, subject to being divested."

In my opinion the plaintiff is entitled to a judgment and decree in her favor for all the relief asked for in the complaint, and judgment is awarded to the plaintiff, with costs, and an extra allowance to attorneys for the plaintiff. The court has taken into consideration the amendments to the pleadings as allowed upon the trial. The findings as submitted by both sides have been passed upon. The plaintiff should present, upon notice to the defendants, a decision containing all the findings as made, together with a final judgment or decree.