**SULLIVAN v. B. S. CANNER, Inc., et al.**

**In re BARRY FURNITURE CO.**

No. 4123.

District Court, D. Massachusetts.

June 6, 1940.

Raymond S. Wilkins, Talcott M. Banks, Jr., and Palmer, Dodge, Barstow, Wilkins & Davis, all of Boston, Mass., for plaintiff.

Harry Bergson, of Boston, Mass., for defendant B. S. Canner, Inc.

Morris B. Frankel, of Cambridge, Mass., for defendant Moller's, Inc.

Harry Bergson, of Boston, Mass., for defendants William Cutler, Everett Furniture Outlet, Inc., and Philip Lewis.

Roewer & Reel, of Boston, Mass., for defendants Frederick Saltman, Isidore Saltman, and Franklin Furniture Co., Inc.

Josiah M. Langenthal, of Boston, Mass., for Rockland Finance Corporation.

Harry Bergson, of Boston, Mass., for defendant Nathan Saltman.

Harry C. Mamber, of Lynn, Mass., for Antiseptic Mattress Co., intervening petitioner.

Joseph B. Wolbarsht, of Boston, Mass., for defendants B. S. Canner, Inc., Everett Furniture Outlet, Inc., Philip Lewis, and William Cutler.

McLELLAN, District Judge.

This case was heard on objections to the Special Master's Report and upon an order for a final decree.

The plaintiff is the trustee in bankruptcy of Barry. Furniture Company. The defendants against whom the Special Master's findings are directed are Nathan Saltman, Frances Saltman, Alice McDevitt, Frederick Saltman, Everett Furniture Outlet, Inc., B. S. Canner, Inc., William Cutler, Philip Lewis, Isidore Saltman and Franklin Furniture Company. Each of these ten defendants filed objections to the report.

The Objections to the Master's Report.

The objections of the respective defendants are not identical, but they have in common the complaint that the Master failed to file "a transcript of the proceedings and of the evidence and the original exhibits." In this connection it is noteworthy that before the hearing in this court upon these objections to the Report, the Master had caused to be filed here the original exhibits and a copy of the notes taken by him in long hand at some of the hearings and of the long hand notes of other hearings taken by the Master's secretary.

The defendants rely upon Rule 53(e) (1) of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, reading:

"The master shall prepare a report upon upon the matters submitted to him by the order of reference and, if required to make findings of fact and conclusions of law, he shall set them forth in the report. He shall file the report with the clerk of the court and in an action to be tried without a jury, unless otherwise directed by the order of reference, shall file with it a transcript of the proceedings and of the evidence and the original exhibits. The clerk shall forthwith mail to all parties notice of the filing."

But this suit was brought in equity in 1935 before the rule took effect. The order of reference to the master did not require a report of the evidence and no stenographer attended the hearings. If the application of the rules of Civil Procedure would under the circumstances require that these objections be sustained, their application "would not be feasible or would work injustice" and pursuant to Rule 86 the former procedure should here be applied. Under all the circumstances justice requires that the objection of each of the defendants to the Master's failure to do the impossible by filing a transcript of a stenographer's notes should be and it is overruled.

Another objection taken by each of the defendants is that the Court has no jurisdiction of this kind of an action. Motions to dismiss the action were filed by various defendants and at least one of these motions stated as a ground for dismissal the Court's want of jurisdiction. All the motions were overruled by another judge and under the circumstances it may well be that in accord with the familiar practice I should without more ado treat the denial of the motions to dismiss as the law of the case in this Court. But since no memorandum of decision on the questions presented by the various motions to dismiss was filed, it may not be amiss to state briefly some of my reasons for thinking the objections to the Master's Report relative to the jurisdictional question should not be sustained.

It is urged that this is an action for a conspiracy of the type wherein the

502

conspiracy is of the gist of the action and that such a cause of action in the absence of diversity of citizenship is not within this Court's jurisdiction. Clearly enough 'the alleged conspiracy is not here the gist of the action. The liability does not depend upon a combination wrongful *in itself* by reason of the defendants' peculiar powers of coercion when acting in unison. In the case at bar, the allegations of conspiracy constituted merely a convenient method of alleging joint action by the defendants of conduct which would be unlawful' if only a single defendant were involved. Applicable to this case is Mr. Justice Holmes' statement (The Common Law, Page 143) that, "when conspiracy is charged, the allegation as a rule only means that two or more persons were so far co-operating in their acts that the act of one was the act of all." The objections to this Court's jurisdiction may not be sustained by reason of the allegations of conspiracy contained in the complaint or by reason of the findings of conspiracy contained in the Master's Report. The essence of the plaintiff's claim is that the defendants so participated in depriving the bankrupt of its property by means of causing it to make fraudulent conveyances and voidable preferences that in effect the bankrupt was deprived of its property which otherwise would have been available to its creditors. The Court's jurisdiction depends upon or grows out of the provisions of the Bankruptcy Act in force when in 1935 the action was brought or the provisions of the Chandler Act which became effective in 1938 and are equally favorable to the Court's jurisdiction. The sections of the Bankruptcy Act in force when the action was brought include, among others, Section 60, sub. b dealing with preferences and sections 67, sub. e and 70, sub. e, 11 U.S.C. A. § 96, sub. b and §§ 107 sub. e, 110 sub. e reading:

Section 67, sub. e "All conveyances, transfers, assignments, or incumbrances of his property or any part thereof, made or given by a person adjudged a bankrupt under the provisions of this title within four months prior to the filing of the petition, with the intent and purpose on his part to hinder, delay, or defraud his creditors, or any of them, shall be null and void as against the creditors of such debtor, except as to purchasers in good faith and for a present fair consideration; and all property of the debtor conveyed, transferred, assigned, or encumbered as aforesaid shall, if he be adjudged a bankrupt, and the same is not exempt from execution and liability for debts by the law of his domicile, be and remain a part of the assets and estate of the bankrupt and shall pass to his said trustee, whose duty it shall be to recover and reclaim the same by legal proceedings or otherwise for the benefit of the creditors. And all conveyances, transfers, or incumbrances of his property made by a debtor at any time within four months prior to the filing of the petition against him, and while insolvent, which are held null and void as against the creditors of such debtor by the laws of the State, Territory, or District in which such property is situate, shall be deemed null and void under the provisions of this title against the creditors of such debtor if he be adjudged a bankrupt, and such property shall pass to the assignee and be by him reclaimed and recovered for the benefit of the creditors of the bankrupt. For the purpose of such recovery any court of bankruptcy as hereinbefore defined, and any State court which would have had jurisdiction if bankruptcy had not intervened, shall have concurrent jurisdiction."

Section 70, sub. e "The trustee may avoid any transfer by the bankrupt of his property which any creditor of such bankrupt might have avoided, and may recover the property so transferred, or its value, from the person to whom it was transferred, unless he was a bona fide holder for value prior to the date of the adjudication. Such property may be recovered or its value collected from whoever may have received it, except a bona fide holder for value. For the purpose of such recovery any court of bankruptcy as defined in this title, and any State court which would have had jurisdiction if bankruptcy had not intervened, shall have concurrent jurisdiction."

The federal district courts have jurisdiction of an action by a trustee in bankruptcy to recover the amount of fraudulent conveyances from those who actively participated in a scheme for bringing them about. Similar to the case at bar is Brainard v. Cohn, 9 Cir., 8 F.2d 13, 15, where the defendants attacked unsuccessfully the district court's jurisdiction and where the appellate court said:

"Relief against such a situation calls for the exercise of the flexible jurisdiction of

equity to the end that the wrongdoers shall not profit by their wrongs and that innocent creditors shall not suffer by them. * * *

"It is also an established rule that, where two or more persons are associated for the same illegal purpose, all engaged in the alleged fraudulent common purpose are as one who has received the property, and each joint tort-feasor has the burden of bearing the entire loss which he in cooperation with his fellows has inflicted. Bigelow v. Old Dominion Copper Co., 225 U.S. 111, 132, 32 S.Ct. 641, 56 L.Ed. 1009, Ann.Cas.1913E, 875. It follows that remedy may be had against all the tort-feasors, or any one of them, subject to the rule that satisfaction once obtained is a bar to further action. The Beaconsfield, 158 U.S. 303, 15 S.Ct. 860, 39 L.Ed. 993. The extent of the remedy may be for the recovery of all the property or its full value."

See also Anderson v. Cohen, D.C., 30 F.2d 188; Schainman v. Dean, 9 Cir., 24 F.2d 475; Irving Trust Co. v. Siroty, 2 Cir., 60 F.2d 71; Rubenstein v. Lottow, 220 Mass. 156, 107 N.E. 718. The foregoing authorities not only tend to support the court's jurisdiction of a case of the type here involved, but also constitute all the cases which need be cited in support of the proposition that for what was here done as disclosed in the Master's Report all the defendants are jointly and severally liable.

■■ Another objection to the Master's Report deserves special mention. It relates to an item of the plaintiff's damages in the amount of $11,780 made up in turn of three items of $4,000, $5,880 and $1,900. These sums appeared on the bankrupt's books as owed from the defendant B. S. Canner, Inc. Without justification the books of the bankrupt and of B. S. Canner, Inc., were changed and entries made which indicated that the bankrupt had no such assets. The question here involved is not whether at common law these entries purporting to cancel the bankrupt's credits against Canner, Inc., are of themselves tantamount to a transfer or conveyance of the accounts receivable. By the express terms of the Massachusetts Statute entitled "Fraudulent Transfers of Real and Personal Property", a conveyance includes a release, (Massachusetts General Laws, [Ter.Ed.] Chapter 109A, Section 1), and I can not think that the word "release" is used in the statute in the technical sense of an instrument under seal. See Schaefer v. Fisher, 137 Misc. 420, 242 N.Y.S. 308. Moreover, a reference to Exhibit 36 indicates that these unwarranted entries do not tell the whole story and that the entries were used to cover transfers of considerable quantities of furniture and cash to Canner, Inc., and the payment of cash for the benefit of Canner, Inc. Under all the circumstances the defendant's objections to the item of $11,780 appearing in the Master's Report are overruled.

■ The objections to the admission of certain tax returns are overruled because other evidence in the case warranted if it did not require the Master's findings without the aid of the tax returns and because upon the whole case, the defendants were not prejudiced by the admission of the evidence to which they object.

The numerous other objections to the Master's Report have been considered and discussion of them would unduly prolong this memorandum and serve no useful purpose. The defendant's objections to the Master's Report are overruled.

### Findings of Fact Upon Order for Final Decree.

The findings contained in the Master's Report are adopted as my findings of fact.

### Conclusions of Law.

The defendants Nathan Saltman, Isidore Saltman, Frederick Saltman, Frances Saltman, Alice McDevitt, Philip Lewis, William Cutler, Franklin Furniture Company, Inc., Everett Furniture Outlet, Inc., and B. S. Canner, Inc., are jointly and severally liable to the plaintiff in the sum of $33,724.38 with interest from June 25, 1934. A decree to this effect, with costs, is to be entered.