**In re A. MAGGIOLI CO.**

No. 67102.

District Court, D. Massachusetts.

April 13, 1943.

Widetzky & Kruger, of Boston, Mass., for petitioning creditors.

William J. Good, of Boston, Mass., for alleged bankrupt.

FORD, District Judge.

This is a motion by the petitioning creditors in a bankruptcy proceeding to strike the report of the special master. The mas-

ter failed to file with his report a transcript of the proceedings and of the evidence and omitted filing the original exhibits. The creditors allege, in support of their motion, that this is a fatal violation of Rule 53(e) (1) of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c. No stenographer was present at the hearing and neither party requested that one be appointed; the exhibits were returned to the counsel who introduced them.

Rule 53(e) (1) provides: "The master shall prepare a report upon the matters submitted to him by the order of reference and, if required to make findings of fact and conclusions of law, he shall set them forth in the report. He shall file the report with the clerk of the court and in an action to be tried without a jury, unless otherwise directed by the order of reference, shall file with it a transcript of the proceedings and of the evidence and the original exhibits. The clerk shall forthwith mail to all parties notice of the filing."

General Order in Bankruptcy No. 37, 11 U.S.C.A. following section 53, provides that: "In proceedings under the Act the Rules of Civil Procedure for the District Courts of the United States * * * shall, in so far as they are not inconsistent with the Act or with these general orders, be followed as nearly as may be. But the court may shorten the limitations of time prescribed so as to expedite hearings, and may otherwise modify the rules for the preparation or hearing of any particular proceeding."

General Order in Bankruptcy No. 47 reads: "Unless otherwise directed in the order of reference the report of a referee or of a special master shall set forth his findings of fact and conclusions of law, and the judge shall accept his findings of fact unless clearly erroneous. The judge after hearing may adopt the report or may modify it or may reject it in whole or in part or may receive further evidence or may recommit it with instructions."

It is clear that Rule 53(e) (1), Federal Rules of Civil Procedure, goes beyond General Order No. 47 in imposing upon the special master in non-jury actions the duty of filing along with his report a transcript of the proceedings and of the evidence and the original exhibits. This rule makes it obligatory for the special master to file a transcript and the exhibits unless otherwise directed by the order of reference. This is the view Moore takes in Federal Practice, Vol. 3, § 53.06, p. 3139. He states:

"But in non-jury actions, since the report is merely to aid the court and since the court must, on application to confirm, review the master's findings, the report must be accompanied by 'a transcript of the proceedings and of the evidence and the original exhibits.' * * * this requirement contemplates that in addition to filing a report, the master shall file with the court a transcript of the proceedings, which should contain all oral testimony, and attached to it should be all depositions, documentary evidence, exhibits, and other such materials which were presented to him." Cf. Sullivan v. B. S. Canner, Inc., et al. [In re Barry Furniture Co.], D.C., 33 F.Supp. 500.

Under General Bankruptcy Order No. 37 (cited above), for Rule 53(e) (1) to apply in bankruptcy proceedings it must not be inconsistent with General Order No. 47. General Order 47 and Rule 53(e) (1) do not appear to be inconsistent. It is stated in 2 Collier on Bankruptcy, 14th Ed., § 39.30, note 17a: "Of course, as to those matters specifically covered by General Order 47 regarding the effect to be given a master's report, the order may be regarded as controlling, even though there is slight difference in terms in this respect. * * * Nevertheless, Federal Rule 53(e) goes far beyond General Order 47 as to many details of the procedure, and in these may be regarded as authoritative". Cf. Ibid, § 38.11, note 8. I think it may be safely stated that Rule 53(e) (1) and General Order 47 are supplementary rather than inconsistent, and that therefore Rule 53(e) (1) applies in bankruptcy proceedings. Cf. Sullivan v. B. S. Canner, Inc., et al., supra.

One of the respondent's contentions is that under Bankruptcy Rule 12 (Local Rules of the United States District Court for the District of Massachusetts, April 1, 1941) the master in contested adjudications was obliged to do no more than ascertain and report the facts. Rule 12 has application only to contested bankruptcy adjudications. Local Bankruptcy Rule 12 long in force in this district was promulgated again after Rule 83, Federal Rules of Civil Procedure, came into being and this latter rule provides that: "Each district court by action of a majority of the judges thereof may from time to time make and amend rules governing its prac-

tice not inconsistent with these rules. * * *"

■ Local Bankruptcy Rule 12 gives a judge power in contested adjudications to refer to a referee in bankruptcy as special master "to ascertain and report the facts, all issues raised by the pleadings not to be tried by jury". If Rule 53(e) (1) compels the master to file a transcript of the proceedings and evidence, Local Bankruptcy Rule 12 cannot relieve him of this duty. The local rule in this respect will have no force at all; to this extent it may be said to be inconsistent with Rule 53(e) (1). (Cf. Rule 83 F.R.C.P.) Local Bankruptcy Rule 12 was drawn before the advent of the new Federal Rules and was retained without revision after the advent of Rule 53(e) (1). In no way was it intended that Rule 12 would modify Rule 53(e) (1). Because of its retention on the books the orders of reference usually direct the special masters simply to "ascertain and report the facts". And the special masters often do no more than just that. This practice defeats the purpose of Rule 53(e) (1). In the future, the order of reference to special masters should comply with Rule 53(e) (1) and not Local Bankruptcy Rule 12, unless the latter rule is revised to conform with Local Rule 12. When reviewing a special master's report, a judge cannot be at all certain whether the master has erred unless he has a transcript of the proceedings and of the evidence before him. If a judge is without such a transcript there is little for him to do but confirm the report with respect to the findings made. This is the very thing which Rule 53(e) (1) purports to do away with. Unless directed otherwise by the order of reference, that is unless in the order the master is expressly relieved from this obligation, the master must file a transcript so that the court may pass upon the report intelligently. To avoid a situation such as we have in the present case the local rule should be revised so as to conform with Rule 53(e) (1).

But we have a further difficulty. Rule 80(a) F.R.C.P. provides that: "A court or master may direct that evidence be taken stenographically and may appoint a stenographer for that purpose. His fees shall be fixed by the court and may be taxed ultimately as costs, in the discretion of the court. The cost of a transcript shall be paid in the first instance by the party ordering the transcript."

■ It is urged by the respondent that Rule 80(a), stating that the master "may direct that evidence be taken stenographically and may appoint a stenographer for that purpose", is a discretionary power, and that this implies that Rule 53(e) (1) does not compel a master to appoint a stenographer. This contention is untenable. Rule 53(e) (1) is stated plainly and without ambiguity. Rule 80(a) does not change the plain meaning of 53(e) (1) either expressly or by implication. Without Rule 80(a) a master would have no power to appoint a stenographer whose fees could be taxed as costs.

■■ But a problem is raised by Rule 80(a). The rule-makers failed here, it appears, to have in mind the compulsory provisions of Rule 53(e) (1) with respect to a transcript of evidence. Thus no provision was made to provide a stenographer for special masters or for reimbursement to the master if he incurred the expense on his own responsibility. The rule states that °the cost of a transcript shall be paid in the first instance by the party ordering the transcript. Suppose neither party orders a transcript. In such a case who pays the cost of the transcript in the first instance? The Federal Rules of Civil Procedure do not provide for such a case. The practical solution would be for the master to acquaint the parties with the requirement of Rule 53(e) (1) as to a transcript and to divide the cost between the parties in the first instance and the court in its discretion may later tax the expense ultimately as costs. And the local rule should be revised so to provide. But assume both parties refuse to pay in the first instance. It is obvious that in such a case there is no provision in the rule authorizing the master to hire a stenographer to take shorthand notes, and a transcript would not be filed. In that case neither party should be heard to object to the master's failure to file a transcript. Rule 53(e) (1) which was drawn up to protect the parties from erroneous findings by the master would not be available to either party. Now we shall assume one of the parties is ready and willing to pay its share of the initial cost but the other party refuses. It might be said that Rules 53(e) (1) and 80 (a) are to be read together, and that in such a case the party desiring a transcript is the one ordering it and he must bear the cost in the first instance. In any event, it is the duty of the master at least to pro-

pose the appointment of a stenographer and to attempt to collect the initial cost.

In the case before me now, the master failed in any way to carry out the duties imposed on him by Rule 53(e) (1). Neither party ordered a transcript nor did the master propose that a stenographer be appointed. The result was that no one took shorthand notes at the hearing and a transcript was never filed. It was obvious to the parties to the proceeding present at the hearing that·a transcript of the proceedings and of the evidence would not be filed, and yet no one objected. The petitioners should not be now heard to object to the report on the ground that a transcript was not filed. The situation is tantamount to a refusal by both parties to bear the initial cost. General Order in Bankruptcy No. 37, after stating that the Rules of Civil Procedure shall be followed as nearly as may be in so far as they are not inconsistent with the Bankruptcy Act, 11 U.S.C.A. § 1 et seq., provides that the court may " * * * modify the rules for. the preparation or hearing of any particular proceeding". General Order No. 37 will be invoked under the circumstances in the present case to allow this court to modify Rule 53(e) (1) so that the master's report may stand without imposing the requirement of filing a transcript of the evidence. To do otherwise would allow the petitioners to take advantage of their own failure to make a seasonable objection to the master's neglect in performing his duties.

The motion is denied. The master will reclaim from the parties the original exhibits and file them in court.