### In re A. MAGGIOLI CO.

No. 67102.

District Court, D. Massachusetts.

April 13, 1943.

Widetzky & Kruger, of Boston, Mass., for petitioning creditors.

William J. Good, of Boston, Mass., for alleged bankrupt.

FORD, District Judge.

■ The petitioning creditors have filed some thirty-one objections to the report of the special master dismissing a contested involuntary petition in bankruptcy. No transcript of the evidence has been filed by the master as required by law. Rule 53 (e) (1), Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c. (See decision, 3 F.R.D. 83, justifying that action filed this day on petitioners' motion to strike.) In view of the absence of a transcript of evidence, unless the findings of fact of the master can be said to be clearly erroneous on the face of the report, there is nothing for this court to do except to accept and adopt those findings. This I do. See Parker v. United States, 1 Cir., 126 F.2d 370, 376; Chopelas v. Chopelas, 303 Mass. 33, 37, 20 N.E.2d 445; Cook v. Scheffreen, 215 Mass. 444, 447, 102 N.E. 715; In re Murphy, D.C., 225 F. 392; General Order in Bankruptcy No. 47, 11 U.S.C.A. following section 53 and Rule 53 (e) (2) Federal Rules of Civil Procedure.

The main question of fact with which the master dealt and upon which, the final result mainly hinged was the question of the alleged bankrupt's solvency. The facts with respect to this issue have been reported in more or less detail. The master appears to

be correct in his findings with respect to that issue.

■ The master's conclusion that Attorney Good was authorized to act for the alleged bankrupt corporation is justified. There was ample evidence of ratification even if there was lacking any formality in his selection in the first instance. I can find no prejudicial error of law committed by the master.

The report is confirmed and the bankruptcy petition dismissed.